**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Sampson WILLIAMS, a/k/a Mackey Sampson, Defendant–Appellant.**

**No. 91–5924.**

United States Court of Appeals, Eleventh Circuit.

May 4, 1993.

---

Fletcher Peacock, Asst. Federal Public Defender, West Palm Beach, FL, Robert E. Adler, Richard C. Klugh, Asst. Federal Public Defender, Ft. Lauderdale, FL, for defendant-appellant.

Dexter Lehtinen, U.S. Atty., Anne Schultz, Linda Collins Hertz, Hal Goldsmith, Miami, FL, for plaintiff-appellee.

Before COX and DUBINA, Circuit Judges, and GODBOLD, Senior Circuit Judge.

PER CURIAM:

Sampson Williams pleaded guilty to one count of using an unauthorized access device (a credit card number) in violation of 18 U.S.C.A. § 1029(a)(2) (West Supp.1992). The presumptive sentencing range for Williams under the United States Sentencing Guidelines (U.S.S.G. or the "guidelines") is six to twelve months imprison-

ment. The district court, however, sentenced Williams to eighty-four months imprisonment. The sole issue on this appeal is whether the district court properly imposed a sentence beyond the guidelines range. We vacate the sentence and remand the case for resentencing.

## I. BACKGROUND

Williams found a credit card receipt in a trash bin. He used the card number from the receipt to place a telephone order for $6,500 worth of gold jewelry. After indictment, Williams pleaded guilty to a single count of credit card fraud in violation of 18 U.S.C.A. § 1029(a)(2).

The district court reduced Williams's guidelines offense level by two levels for acceptance of responsibility. This reduction resulted in an offense level of 6. The presentencing investigation report (PSI) placed Williams in criminal history category V. The guidelines range for an offense level of 6 and a criminal history category V is six to twelve months.

The PSI based Williams's criminal history ranking on only six of his sixteen past convictions. Several convictions that occurred before Williams turned eighteen were not counted because they were too remote. See U.S.S.G. § 4A1.2(d)(2), (e)(3) (Nov. 1992). Other convictions were excluded from the criminal history calculation because cases had been consolidated for sentencing purposes. See id. § 4A1.2(a)(2) & comment. (n. 3). Two convictions for loitering and prowling were not counted because § 4A1.2(c)(2) expressly excludes such offenses.[1] Six of the ten uncounted convictions, including four of the remote offenses, involved burglary or theft. Because so many convictions were not counted in calculating Williams's criminal history, the PSI concluded that "category V is not a true reflection of the seriousness of the defendant's past criminal conduct." (PSI ¶ 83.)

The guidelines' highest criminal history category is VI, but the PSI stated that the

---

**1.** The PSI indicated that a third conviction for loitering and prowling was not scored because it was a juvenile offense that was more than five years old. As a loitering conviction, though, this juvenile offense also would have been excluded from the criminal history calculation under § 4A1.2(c)(2).

number and nature of Williams's prior convictions would produce a hypothetical category VIII ranking if all were counted. The PSI estimated that the guidelines range for an offense level of 6 and a fictitious criminal history category VIII is twenty-four to thirty months. The PSI suggested that the court consider an upward departure under U.S.S.G. § 4A1.3 based on Williams's criminal history and risk of recidivism, or under the more general departure provisions of § 5K2.0.

The district court overruled Williams's objections to the PSI's departure rationale. Before pronouncing sentence, the district judge said he had considered the PSI along with the statements made at the hearing by Williams, Williams's counsel and the prosecutor. Earlier in the hearing, the judge observed that Williams had been arrested twenty-eight times and convicted sixteen times between the ages of thirteen and twenty. Although the credit card offense ordinarily would not entail a long prison term, the judge said, Williams's "record which is combined with the offense itself does lead to the conclusion that there ought to be a rather heavy sentence." (R.2 at 6.) The judge also said an extended prison stay could provide the opportunity and discipline that Williams needed to improve his education and learn a skill. Going beyond both the actual guidelines range and the PSI's hypothetical range, the court then sentenced Williams to eighty-four months imprisonment, three years of supervised release and a fifty-dollar special assessment.[2]

## II. CONTENTIONS OF THE PARTIES

Williams argues that the district court improperly considered several remote convictions and Williams's arrest record, failed to comply with the procedure for departing from guidelines ranges, and unreasonably imposed a sentence seven times the presumptive maximum under the guidelines. The Government responds that the upward departure from the guidelines range was proper, adequately explained and reasonable.

## III. SCOPE OF REVIEW

■ This court has jurisdiction to review a sentence that departs from the guidelines range. 18 U.S.C.A. § 3742 (West 1985 & Supp.1992); *United States v. Weaver*, 920 F.2d 1570, 1572 (11th Cir. 1991). We must conduct two inquiries when reviewing a departure case. *Williams v. United States*, —— U.S. ——, ——, 112 S.Ct. 1112, 1120, 117 L.Ed.2d 341 (1992). First, we must determine whether the sentence was "imposed either in violation of law or as a result of an incorrect application of the Guidelines." *Id.* at ——, 112 S.Ct. at 1120; *see* 18 U.S.C.A. § 3742(e)(1)–(2), (f)(1) (West Supp.1992). If the district court misapplied the guidelines, we will vacate the sentence unless we conclude that the error was harmless. *Williams*, —— U.S. at ——, 112 S.Ct. at 1120–21. Assuming the first inquiry reveals no reversible error, the second inquiry examines whether the extent of the departure from the relevant guidelines range is reasonable. *Id.* at ——, 112 S.Ct. at 1120–21; *see* 18 U.S.C. § 3742(e)(3), (f)(2).[3]

## IV. DISCUSSION

### A. The Remote Juvenile Convictions

■ Williams contends that the district court should not have considered juvenile

---

2. The district court referred to its departure from the guidelines range as "unguided," stating that a departure under § 4A1.3 was "not sufficient." (R.2 at 19.) Nevertheless, because the departure was grounded on Williams's criminal history and risk of recidivism, it is governed by § 4A1.3 and our cases interpreting that section. *See United States v. Simmons*, 924 F.2d 187, 189–90 (11th Cir.1991); *United States v. Collins*, 915 F.2d 618, 621 (11th Cir.1990); *see also United States v. Fayette*, 895 F.2d 1375, 1377–78 (11th Cir.1990) (discussing the distinction between guided and unguided departures).

3. The three-step standard of review for departure cases that we announced earlier in *Weaver* is consistent with the more recent Supreme Court decision. Under *Weaver*, we consider whether the guidelines preclude a district court from relying on a particular factor as a ground for departure, whether the district court's factual findings are clearly erroneous, and whether the extent of the departure is reasonable. *Weaver*, 920 F.2d at 1573. Williams has not challenged the district court's factual findings. Therefore, we need consider only whether the

convictions for which sentences were imposed or completed more than five years before he committed the credit card fraud. The remote juvenile offenses were not used to calculate his criminal history category. *See* U.S.S.G. § 4A1.2(d)(2), (e)(3)–(4). The question is whether they nevertheless may provide a reason for an upward departure under § 4A1.3.

At the time of Williams's sentencing, the guidelines commentary to § 4A1.2 permitted a court to consider remote convictions for misconduct similar to the offense for which the sentence was being imposed. U.S.S.G. § 4A1.2, comment. (n. 8) (Nov. 1990).[4] Williams argues that his remote juvenile convictions—four involving burglary or theft and one for loitering—were not similar to his credit card offense and therefore should have played no role in the departure decision.

This circuit has published no opinion on the point that Williams raises. Other circuits are split on the issue. *Compare, e.g., United States v. Samuels*, 938 F.2d 210 (D.C.Cir.1991) (holding that remote juvenile convictions for dissimilar offenses were not grounds for a departure), *with United States v. Gammon*, 961 F.2d 103, 108 (7th Cir.1992) (allowing uncounted juvenile adjudications for dissimilar offenses to be considered in determining a departure).

The commentary to U.S.S.G. § 4A1.2 has been amended recently to address this issue. Application Note 8 now reads, in pertinent part: "If the court finds that a sentence imposed outside this time period is evidence of similar, or serious dissimilar, criminal conduct, the court may consider this information in determining whether an upward departure is warranted under § 4A1.3 (Adequacy of Criminal History Category)." U.S.S.G. § 4A1.2, comment. (n. 8) (Nov. 1992). The Sentencing Commission, noting the split among the circuits, stated that the amendment "clarifies that dissimilar, serious prior offenses outside the applicable time period may be consid-

ered in determining whether an upward departure is warranted under § 4A1.3." U.S.S.G. App. C (amend. 472) (effective Nov. 1, 1992).

■ Although the commentary was amended after Williams was sentenced, we "consider such clarifying amendments to the guidelines' commentary in interpreting the guidelines, even with regard to offenders convicted of offenses occurring before the effective date of the amendments." *United States v. Scroggins*, 880 F.2d 1204, 1215 (11th Cir.1989), *cert. denied*, 494 U.S. 1083, 110 S.Ct. 1816, 108 L.Ed.2d 946 (1990). Accordingly, we hold that the district court properly considered Williams's remote juvenile sentences in deciding whether to depart upward from the guidelines range. Four of the five sentences resulted from convictions for burglary, grand theft and grand larceny. The fifth, for loitering and prowling, arose from the same conduct that produced the theft and larceny convictions. Ignoring this serious criminal conduct "would serve merely to obscure his serious history of criminality and the likelihood that he would commit crimes in the future." *Gammon*, 961 F.2d at 108.

### B. *Williams's Prior Arrests*

■ At the sentencing hearing, the district judge told Williams that the credit card offense ordinarily would not carry a long sentence. But, the judge added, Williams's record of "28 arrests ... and 16 convictions in the last seven years between ages 13 and 20 throw an entirely different light on the thing." (R.2 at 6.) The arrests that did not lead to convictions included at least three occasions on which Williams was charged with burglary and theft. Later, in stating the reasons for departing from the guidelines range, the judge spoke in more general terms about Williams's extensive criminal history and his risk of recidivism. Williams says the judge's broad remarks "leave[ ] open the

guidelines were properly applied and whether the extent of the departure is reasonable.

**4.** The commentary also provided that remote convictions could be considered if they reflected a substantial income from criminal activity.

U.S.S.G. § 4A1.2, comment. (n. 8) (Nov. 1990). Neither Williams nor the Government discusses this exception, nor does it appear to apply to Williams.

possibility that Williams' prior arrest record was improperly considered in determining the adequacy of criminal history." (Appellant's Br. at 9.)

 Williams correctly points out that a district court may not consider "a prior arrest record itself" when departing from the guidelines. *See* U.S.S.G. § 4A1.3, p.s. The implication from this rule is that an arrest record standing alone is not sufficiently reliable to support a departure. *See United States v. Huang*, 977 F.2d 540, 543 (11th Cir.1992) (stating that "a prior arrest record itself cannot be considered under section 4A1.3").

Here, though, the district court did not rely on Williams's "arrest record itself." The transcript of the sentencing hearing reflects the judge's thorough knowledge of Williams's history and the PSI. The PSI lists Williams's arrests and, based on police reports, provides a summary of the facts surrounding most of the incidents. The report also states the disposition of each charge. Thus, "the information relayed to the court was far more in depth than mere arrest records." *United States v. Torres*, 977 F.2d 321, 330 (7th Cir.1992). Moreover, Williams has in no way questioned the reliability of the facts related by the PSI. To the contrary, under direct questioning by the district judge, Williams said he was familiar with the PSI's account of his offenses and he knew of no misleading or inaccurate statements in the report. His counsel added that Williams could not remember the details of one or two incidents, "but we had no basis to object or dispute the facts as alleged." (R. 2 at 3–4.)

Section 4A1.3 grants courts broad authority to consider "reliable information" when contemplating a departure. The PSI in this case does not contain a mere record of arrests, but provides additional facts drawn from police reports relative to the conduct that prompted the arrests. Nothing before us indicates that the district court relied on an arrest record alone. Williams has acknowledged that the information in the PSI is reliable, and he does not argue that the court otherwise erred by reviewing the particulars of his many encounters with police. "When a defendant has an opportunity to and fails to object to the facts, information, and records used to support a departure, there is little reason to question a district court's decision." *Torres*, 977 F.2d at 330. Therefore, we hold that the district court did not err when it considered information about criminal conduct leading to Williams's prior arrests.

*C. The Departure Procedure*

 A district court may not "simply, and inexplicably," depart from the applicable guidelines range. *United States v. Johnson*, 934 F.2d 1237, 1240 (11th Cir. 1991). When departing upward under the auspices of § 4A1.3, the court must look first to the next criminal history category. *Id.* at 1239. If that category adequately reflects the defendant's past conduct, then the court must state its findings and sentence the defendant within the range for the new category. *Id.* "If, on the other hand, the court decides that this new category is still inadequate to reflect the defendant's criminal history, the court must look to the next highest category and repeat its inquiry." *Id.* at 1239–40.

 The district court in this case failed to follow the step-by-step procedure that *Johnson* mandates. Specifically, the record does not reflect that the court considered whether Williams's criminal history fits category VI, the next category. As a result of this procedural fault, the upward departure was in error and requires remand. *United States v. Huang*, 977 F.2d 540, 544 (11th Cir.1992).[5]

## V. CONCLUSION

The district court properly considered Williams's previous juvenile convictions and misconduct. Nevertheless, the court erred by failing to comply with the procedure that *Johnson* details for upward departures under U.S.S.G. § 4A1.3. We therefore VACATE the sentence and REMAND the case to the district court for

---

**5.** At the time of Williams's sentencing, the guidelines and this circuit's cases supplied less guidance for a district court to the extent that it chose to go *beyond* category VI in setting a sentence. The guidelines expressly permitted such an extraordinary departure but provided no procedural framework. *See* U.S.S.G. § 4A1.3, p.s. (Nov. 1990). Likewise, *Johnson*

resentencing in accordance with this opinion.

VACATED and REMANDED.

acknowledges the possibility of a departure above category VI but does not discuss it. *See Johnson,* 934 F.2d at 1239–40 & n. 7. Before the guidelines were amended recently to establish a procedure for post-category VI departures, U.S.S.G. App. C. (amend. 460) (effective Nov. 1, 1992), we reviewed such a departure by considering its reasonableness along with its legal ba-

sis and the factual grounds stated by the district court. *See, e.g., United States v. Nilsen,* 967 F.2d 539, 545 (11th Cir.1992). Because we conclude for other reasons that Williams must be resentenced, however, we need not decide whether the district court's departure beyond category VI was reasonable and justified under the circumstances of this case.