[DO NOT  PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**April 18, 2005**
**THOMAS  K. KAHN**
**CLERK**

_____

No. 02-13211

_____

D.C. Docket No. 00-00451-CR-T-17

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

ANDREW W. SMITH, a.k.a. Drew,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 18, 2005)**

Before TJOFLAT, RONEY and HILL, Circuit Judges.

PER CURIAM:

A jury convicted appellee Andrew W. Smith and his co-defendant, Walter

R. Dennie, on count one, conspiracy to possess with intent to distribute cocaine.

21 U.S.C. §§ 841(a)(1), 846.[1]  At sentencing, the district court found that Smith's health condition, non-Hodgkin's lymphoma in remission, satisfied as "an extraordinary physical impairment" under U.S.S.G. §§ 5H1.4 and 5K2.0.

Accordingly, the district court departed downwardly 20 levels from Smith's sentencing guidelines range (78 to 98 months' imprisonment)[2] and sentenced him to time-served (35 days) plus 5 years' supervised release.[3]  We hereby vacate Smith's sentence and remand to the district court for resentencing consistent with this opinion.[4]

## I.

In its sentencing memorandum, the district court stated that it found the letters written by Smith's treating physicians to be extremely persuasive.  It

---

[1] Dennie was also convicted on count two, possession with intent to distribute cocaine. 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2.

[2] The government does not contest the district court's finding that Smith was eligible for the safety valve reduction allowing the court to impose a sentence below Smith's statutory mandatory minimum, 120-121 months' imprisonment.  U.S.S.G. § 5C1.2.

[3] Co-defendant Dennie was sentenced to 240 months' imprisonment and 10 years' supervised release.

[4] By his motion to file an amended/supplemental brief, Smith attempted to raise a *Apprendi/Blakely* argument for the first time on appeal.  *Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000); *Blakely v. Washington*, 124 S.Ct. 2531 (2004).  This court denied Smith's motion.
Since we heard oral argument, the Supreme Court decided *United States v. Booker*, 125 S.Ct. 738 (2005).  We conclude that the extent of the downward departure by the district court in this case was unreasonable and/or clearly erroneous, whether viewed in a pre-*Booker*, or post-*Booker*, context.  *Id.*

concluded that Smith had met his burden of justifying a downward departure under Section 5H1.4 for "an extraordinary physical impairment."[5]

The district court based this conclusion upon the following findings of fact: (1) that, as Smith has an extraordinary physical impairment, any sentence of imprisonment could be the equivalent of a death sentence; (2) that the prospect of catching a virus, bacterial or fungal infection is more likely in prison, with its attendant expense, monitoring and care; and (3) that Smith requires cutting-edge care from specialized physicians, not found in a prison setting. The district court memorandum was based upon the court's assumption that Smith's cancer was in remission. It did not comment on the probability of a relapse.

Smith argues that the Bureau of Prisons is not able to provide adequate care for his health care needs. Although not argued in the briefs, or before the district court, the government counters this argument by contending that, in the event that Smith's condition does deteriorate in the future, requiring him to need extraordinary medical care, then, at that time, the Director of the Bureau of Prisons has the authority to move the district court for a sentence reduction under 18

_____

[5] Section 5H1.4 reads that "an extraordinary physical impairment may be a reason to impose a sentence below the applicable guideline range; e.g., in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment."

U.S.C. § 3582(c)(1). *See United States v. Rabins*, 63 F.3d 721, 729 n.15 (8th Cir. 1995).

Citing the case law of other circuits, the government contends that the district court's primary reason for departure, that Smith's weakened immune system causes him to be vulnerable to future illnesses, is not enough to satisfy Section 5H1.4. *Id.* (AIDS defendant had not yet reached advanced stage justifying extraordinary physical impairment; it is the duty of the district court to assess the defendant's condition at the time of sentencing, regardless of bleak outlook); *see also United States v. Rivera-Maldonado*, 194 F.3d 224, 235-36 (1st Cir. 1999) (HIV positive defendant was in relatively good health and did not have an extraordinary physical impairment); *United States v. Woody*, 55 F.3d 1257, 1275-76 (7th Cir. 1995) (HIV positive defendant); *United States v. Thomas*, 49 F.3d 253, 260-61 (6th Cir. 1995) (HIV positive defendant).

The government also notes that since his treatment, Smith does not live in a bubble, but has continued to work as a Dade County water and sewer technician, monitoring sewer pipe pressure, and is thereby exposed to countless bacteria on a daily basis. In addition, Smith sponsors musical promotional parties attended by hundreds of people, again subjecting himself to the risk of exposure to bacteria, virus and fungus infections.

## II.

When a departure from the sentencing guidelines is appropriate, we must examine whether the extent of the departure is reasonable. *United States v. Williams*, 989 F.2d 1137, 1140 (11th Cir. 1993). In evaluating whether a departure is reasonable, we review a district court's findings of fact for clear error and its legal conclusions *de novo*. *United States v. Simmons*, 368 F.3d 1335, 1342 (11th Cir. 2004).

## III.

The district court in this case at the time of sentencing properly computed Smith's base offense level under the sentencing guidelines, using facts not found by the jury, but presented to the court at sentencing. It then departed downwardly 20 levels from a guidelines range of 78-98 months, finding that Smith had an extraordinary physical impairment under Section 5H1.4. It sentenced him to only 35 days, for time served, when his co-defendant was sentenced to 20 years. Under a *de novo* review, we do not agree with the legal conclusion that Smith's non-Hodgkin's lymphoma, in remission, is the equivalent of an extraordinary physical impairment for purposes of Section 5H1.4 at this time. *Simmons*, 368 F.3d at 1342.

In its findings of fact, the district court found that to subject Smith to a condition of long-term confinement in the penitentiary would be a death sentence, as he would be exposed to more bacteria, viruses and fungi in prison, and be denied cutting-edge medical treatment. We disagree.[6] *Id.*

## IV.

Regardless of whether, in a pre-*Booker* world, the sentencing guidelines are interpreted as mandatory, or now, in a post-*Booker* world, they are considered advisory, it was unreasonable and/or clearly erroneous for the district court to depart downwardly as far as it did in this case. Smith's sentence is vacated in its entirety and this case is remanded to the district court for resentencing in accordance with this opinion.

SENTENCE VACATED; REMANDED for RESENTENCING.

---

[6] The Director of the Bureau of Prisons is on alert to file a petition for a sentence reduction with the district court under Section 3582(c) should Smith's cancer, now in remission, return.