[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 26, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10556
Non-Argument Calendar

_____

D. C. Docket No. 04-00034-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

QUINCEY LEMOND JONES,
a.k.a. Dettic Lee Whittic,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(September 26, 2005)

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Quincey Lemond Jones was sentenced to 235 months imprisonment for armed bank robbery and abduction during a bank robbery, in violation of 18 U.S.C. § 2113(a), (d), and (e). On appeal, Jones contends that the district court erred in departing upward from criminal history category V to category VI pursuant to United States Sentencing Guidelines § 4A1.3 because (1) the court failed to compare Jones' criminal history with the criminal history of other defendants in category VI, and (2) the court did not properly take into account the nature and circumstances of the offense or consider Jones' history and characteristics.

U.S.S.G. § 4A1.3 allows a district court to depart upward during sentencing "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." When departing upward under U.S.S.G. § 4A1.3, the district court must first look to the next highest criminal history category. United States v. Williams, 989 F.2d 1137, 1142 (11th Cir. 1993). If the court finds that the higher category adequately reflects the defendant's past conduct, the court must state its finding and sentence the defendant within that higher criminal history range. Id.

We review "de novo the district court's application of the guidelines to the

facts to decide whether the departure is based on a factor that (a) advances the objectives of federal sentencing policy, (b) is authorized under 18 U.S.C. § 3553(b), and (c) is justified by the facts of the case." United States v. Pressley, 345 F.3d 1205, 1209 n.1 (11th Cir. 2003).

We have held that "[t]he amount by which a district court departs from the Guidelines need only be reasonable." United States v. Kimball, 291 F.3d 726, 734 (11th Cir. 2002). Even if the defendant's prior offenses do not meet the definition of "career offender," the defendant's criminal record can justify an upward departure if his prior crimes were substantial in number and serious in character. See United States v. Campbell, 888 F.2d 76, 78–79 (11th Cir. 1989).

We conclude that the district court's upward departure was reasonable. The court properly took the guidelines into account in determining the degree of departure. The district court explained that Jones had repeatedly committed criminal offenses since he was fourteen years old and found that criminal history category VI more adequately reflected Jones' criminal history than category V. Specifically, the court found that category V inadequately represented the likelihood that Jones would commit other offenses when he was released from custody. Furthermore, the district court properly considered the sentencing factors found in § 3553(a)(2), stating that she based the sentence on the seriousness of the

offense, deterrence, and incapacitation. The district court did not err by imposing the upward departure under U.S.S.G. § 4A1.3. The amount of the upward departure was appropriate under the circumstances.

For the same reasons that the district court's upward departure pursuant to the guidelines and the amount of that departure were appropriate, the resulting sentence was not unreasonable under United States v. Booker, 125 S. Ct. 738 (2005).

**AFFIRMED.**