[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---------------------------------------------

No. 05-10565
Non-Argument Calendar

---------------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 27, 2006
THOMAS K. KAHN
CLERK

D.C. Docket  No. 04-14051-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JONATHAN MARCUS WINTERS,

Defendant-Appellant.

-----------------------------------------------------------------

Appeal from the United States District Court
for the Southern District of Florida

-----------------------------------------------------------------

**(March 27, 2006)**

Before EDMONDSON, Chief Judge, ANDERSON and CARNES, Circuit Judges.

PER CURIAM:

Defendant-Appellant Jonathan Marcus Winters appeals his 188-month sentence for possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). No reversible error has been shown; we affirm.

The presentence investigation report (PSI) indicated that, while searching a residence suspected of harboring a crack cocaine manufacturing operation, federal agents discovered Winters lying on a bed. Winters possessed a baggie containing 3.7 grams of crack cocaine. The PSI also listed many offenses for which Defendant had been arrested and convicted. Defendant was convicted of aggravated assault with a weapon, sale/delivery of cocaine, and sale of cocaine. The probation officer recommended, and the district court applied, the career offender provision, U.S.S.G. § 4B1.1, which set Defendant's criminal history category at VI. The PSI also indicated that Defendant had been arrested eight other times, beginning when he was four years old.

Defendant argues that, under United States v. Booker, 125 S.Ct. 738, his sentence is unreasonable because it is greater than necessary to accomplish the goals in 18 U.S.C. § 3553(a)(2) and it does not reflect the seriousness of the offense, which involved Defendant's possession of only 3.7 grams of crack cocaine. Defendant also contends that the district court improperly considered his

criminal history by focusing on the underlying facts of a prior conviction and on criminal conduct for which he was not convicted.

After a district court accurately has calculated the guideline range,[1] it "may impose a more severe or more lenient sentence." United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005). We review such a sentence for reasonableness. United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005) (per curiam). In determining whether a sentence is reasonable, the district court should be guided by the factors in 18 U.S.C. § 3553(a). See Booker, 125 S.Ct. at 765-66; Winingear, 422 F.3d at 1246. But to establish the reasonableness of a sentence, a district court need not discuss explicitly on the record every § 3553(a) factor. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). An indication that the court "adequately and properly considered the § 3553(a) sentencing factors and the advisory Guidelines range" in conjunction with the sentence is enough. Id.

Here, the district court's 188-month sentence was reasonable. The sentence was at the high end of the guideline range of 155-188 months' imprisonment. The district court considered Defendant's juvenile criminal history, his arrest record, and the facts behind some of his earlier convictions. The district court suggested

---

[1]Defendant does not challenge the accuracy of the guideline calculations.

that Defendant had received leniency in the past. These factors are ones that the district court has discretion to examine. See United States v. Williams, 989 F.2d 1137, 1142 (11th Cir. 1993) (writing that, in considering whether to depart upward under § 4A1.3, the district court may contemplate juvenile convictions, arrests not resulting in convictions, all facts in the PSI, and leniency of previous sentences). We also note that Defendant did not challenge the factual accuracy of the probation officer's account of Defendant's earlier conduct.

Further, the district court explained that Defendant's sentence was, in large part, based on § 3553(a)(2)(B)'s requirement that a sentence afford adequate deterrence to criminal conduct. And the district court stated that it had examined "each of the enumerated provisions" of § 3553(a) in determining an appropriate sentence. Thus, the district court contemplated the factors required by Booker. That the district court did not elaborate on considerations other than deterrence does not change this result. See Scott, 426 F.3d at 1329. Also, Defendant's sentence was significantly less than the statutory maximum 20-year sentence. See Winingear, 422 F.3d at 1246 (in reviewing reasonableness of sentence, comparing sentence imposed against statutory maximum). In the light of the factors of § 3553(a), the district court's sentence was reasonable.

**AFFIRMED.**