[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 11, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12075
Non-Argument Calendar

_____

D. C. Docket No. 05-20849-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ONELIO S. BAEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 11, 2008)**

Before ANDERSON, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Onelio Baez appeals his sentence of 40 months of imprisonment for

conspiracy to commit healthcare fraud. 18 U.S.C. §§ 371, 1347. He argues that the district court erred by considering conduct that gave rise to prior criminal charges after the prosecution of those charges had been abandoned. We affirm.

We review a defendant's overall sentence for reasonableness, the legal interpretations of the Sentencing Guidelines by the district court de novo, and factual findings by the district court for clear error. United States v. Orisnord, 483 F.3d 1169, 1181 (11th Cir. 2007). Because Baez did not object to the inclusion of his prior arrests in the presentence investigation report, did not object when the district court explained that it would consider the arrests in fashioning his sentence, and did not object when, after it announced the sentence, the district court gave Baez a final opportunity to object, we review for plain error. Fed. R. Crim. P. 52(b); United States v. Bennett, 472 F.3d 825, 831 (11th Cir. 2006). We find no plain or other error.

After Baez pleaded guilty and agreed to cooperate with the government, the district court determined that the advisory Sentencing Guidelines called for a range of 33–41 months of imprisonment. The government moved, under section 5K1.1 of the Guidelines, for a downward departure. The district court explained that it was "troubled" by "all sorts of warning flags."

Among the warning flags that troubled the district court were three prior

2

arrests. Baez was arrested in 1994 for petty larceny, but the prosecution was abandoned when he completed "pretrial intervention." Baez was arrested in 1997 for insurance fraud, from which he received more than $37,000, but again the prosecution was abandoned after Baez completed pretrial intervention. Baez was arrested a third time in 1998 for unlawfully confining an 82-year-old mentally dysfunctional man, but the prosecution was later abandoned.

The district court said that if the government had not moved for a downward departure, it would have imposed the statutory maximum sentence of 60 months. The court instead imposed a sentence of 40 months of imprisonment. Before it imposed that sentence, the court considered Baez's cooperation with the government, his history, his background, and the statutory factors for a criminal sentence. 18 U.S.C. § 3553(a).

Baez argues that the district court erred by considering the conduct that gave rise to his prior arrest record, but we disagree. We have interpreted section 4A1.3 of the Guidelines, which permits an upward departure based on "prior similar adult criminal conduct not resulting in a criminal conviction," U.S.S.G. § 4A1.3(a)(2)(E), and explained that "an arrest record standing alone is not sufficiently reliable to support a departure." United States v. Williams, 989 F.2d 1137, 1142 (11th Cir. 1993); see also U.S.S.G. § 4A1.3(a)(3) ("A prior arrest

3

record itself shall not be considered for purposes of an upward departure . . . .").

An arrest record does not "stand alone" when it is supported by additional facts, which would include reliable information in the presentence investigation report. Williams, 989 F.2d at 1142. Baez's presentence investigation report includes detailed facts associated with his arrests, which Baez admitted by failing to object to the report. Bennett, 472 F.3d at 833–34. The district court did not err when it considered this information about Baez's prior arrests.

Baez's sentence is **AFFIRMED.**

4