[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13695
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00069-CAP-AJB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ESTEBAN MIGUEL-ANDRES,
a.k.a. Juan Carlos Morillo-Aguilar,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 21, 2013)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

On April 22, 2012, appellant Esteban Miguel-Andres, a citizen of Mexico, pled guilty to illegal re-entry, in violation of 8 U.S.C. §§ 1326(a), (b)(1), and on June 28, 2012, the District Court sentenced him to a prison term of 21 months. The court fashioned appellant's sentence first by departing upward from the Guidelins sentence range of 2 to 8 months to a range of 9 to 15 months pursuant to U.S.S.G. § 4A1.3, and then, using the sentencing factors of 18 U.S.C. § 3553(a), imposing an upward variance—all because of appellant's extensive criminal history, which we digest in the margin.[1]  On appeal, Miguel-Andres argues that his sentence was procedurally and substantively unreasonable.

### I.

Whether appellant's sentence is procedurally unreasonable turns on whether the District Court abused its discretion in carrying out the procedures necessary to fashion a sentence. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).  A court abuses its discretion if it treats the Guidelines as mandatory rather than advisory, erroneously calculates the Guidelines sentence range, fails to consider the purposes of sentencing set out in 18 U.S.C. § 3553(a), finds facts that are clearly erroneous, or fails to explain why it chose the sentence

---

[1] Appellant had a history of 10 arrests between 2001 and 2012, which led to convictions for domestic violence on six separate occasions.  He had been removed from the United States on five separate occasions between 2007 and 2010.  His current illegal re-entry offense marks the sixth time he has been found illegally present in the United States.

imposed.  *Gall*, 552 U.S. at 51, 128 S.Ct. at 597;  *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

Appellant argues that the District Court abused its discretion because (1) it failed to follow the procedure for departing from the Guidelines sentence range; (2) the evidence of his criminal record was unreliable: and (3) it failed adequately to explain the basis for its upward variance.  The gist of the first argument is that the court failed to move incrementally along the guidelines, explain why appellant's criminal history category of III was inadequate, or compare his category with others in category V, which the court chose.

Appellant failed to object to the court's alleged failure to comply with the departure procedure or its purported failure to explain the basis for its upward variance.  We therefore review such failures for plain error.[2]  We find none, much less error.  The only objection  appellant made at sentencing concerned the reliability of the evidence concerning his criminal record.  We now address that objection.

Appellant contends that the evidence of his criminal record was unreliable because, consisting of computer printouts, it constituted hearsay.  The printouts

---

[2] To establish plain error, appellant must show that (1) an error occurred; (2) the error was plain; (3) the error affected his substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993).  In this case, if we assume that error occurred, it did not affect appellant's substantial rights or the fairness, integrity or public reputation of the sentencing proceedings.

contained a disclaimer as to accuracy, and the court indicated that it "had trouble figuring out what these printouts say."

Under U.S.S.G. § 4A1.3, a district court may impose an upward departure if "*reliable* information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes."  U.S.S.G. § 4A1.3(a)(1) (emphasis added).  While the mere fact of an arrest is not sufficiently reliable to support a departure, § 4A1.3 grants the district courts broad authority to consider "reliable information" when contemplating a departure; the court may consider such things as the summary of the facts surrounding the incident.  *United States v. Williams*, 989 F.2d 1137, 1142 (11th Cir. 1993).

We review for clear error the district court's finding of a prior conviction. *See United States v. Wilson*, 183 F.3d 1291, 1301 (11th Cir. 1999) (finding "no clear error" in district court's finding that defendant had been convicted of carrying a concealed weapon).  Although the Government bears the burden of establishing a prior conviction by a preponderance of the evidence, it does not need to present a certified copy of the conviction.  *See id*.  In *Wilson*, for example, the Government presented factual statements contained in the presentence report, on-the-record statements of a probation officer, and notes of another probation officer.  *Id*.  This information, taken together, was sufficiently reliable to establish a conviction.  *Id.*

4

To prove appellant's prior convictions, the Government submitted computer printouts from the website of the municipal court of Hamilton County, Ohio.  At the sentencing hearing, the Government entered into evidence a letter from a federal probation officer in Ohio confirming the accuracy of these printouts.  The District Court stated that it found this evidence reliable, and nothing in the record exists to challenge this finding.

In addition, the court was permitted to consider the printouts even though they constituted hearsay.  First, the fact that the probation officer confirmed their validity shows that they were reliable.  *See Anderton*, 136 F.3d at 751.  Second, the court explicitly determined that they were credible.  *See id.*  Finally, the court gave appellant an opportunity to show that they were not reliable and to rebut the information contained within them.  *See id*.  He did neither.

In sum, we reject appellant's argument that his sentence is procedurally unreasonable.  We turn, then, to his argument that it is substantively unreasonable.

## II.

Appellant contends that his sentence is substantively unreasonable because the variance was greater than necessary to achieve the sentencing goals of § 3553(a) and was based on his criminal history to the exclusion of the other § 3553(a) factors.

We review the reasonableness of a sentence for abuse of discretion. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. A sentence must be "sufficient, but not greater than necessary to comply with the purposes" of sentencing set out in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). Additionally, the court must consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1),(3)-(7).

Although sentences outside the guidelines are not presumed to be unreasonable, we take the degree of any variance into account. *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009). However, we defer to the court's decision that the § 3553(a) factors justify the extent of the variance. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597.

We conclude that appellant's sentence is substantively reasonable in light of the record and § 3553(a) factors. First of all, the sentence, 21 months, was below the statutory maximum sentence, 24 months. This suggests that the sentence was reasonable. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008)

6

(citing fact defendant's sentence was below the statutory maximum as evidence defendant's sentence was reasonable).  Moreover, the sentence met the goals of § 3553(a)(2).  Appellant has an extensive criminal history.  He had been convicted of one count of assault, five counts of domestic violence, and one count of family violence battery between 2002 and 2012.  He also demonstrated a high potential for recidivism.  He had been deported from the United States five times.  Considering his criminal history and disregard for the law, the court could reasonably have concluded that an upward variance in addition to the upward departure was necessary to promote respect for the law, provide just punishment, deter appellant from further criminal activity, and protect the public.  *See* 18 U.S.C. § 3553(a)(2).

Appellant's sentence is, accordingly,

AFFIRMED.