[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13530
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cr-00065-WTM-GRS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEOVANNI WILLIAMS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(April 19, 2016)

Before TJOFLAT, MARTIN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Geovanni Williams appeals his 69-month sentence for possession of a firearm by a felon. Williams's Sentencing Guidelines range was 46 to 57 months in prison, with a statutory maximum of 120 months. Williams argues that his sentence was substantively unreasonable. We affirm the sentence.

I.

On May 11, 2015, Williams pleaded guilty to unlawful possession of a firearm in violation of 18 U.S.C. § 922(g). Williams's Sentencing Guidelines range for this offense was 46 to 57 months. At the sentence hearing on July 22, 2015, both defense counsel and the government asked for a sentence within the guidelines range. Williams then told the court that he took full responsibility for his crime. He also noted that he had a four-year-old daughter and asked for leniency.

The court sentenced Williams to 69 months in prison. The judge justified this upward departure by explaining that the guidelines range "substantially underrepresents the seriousness of the defendant's criminal history and the likelihood that he will commit other crimes." This criminal history, the court continued, included several juvenile convictions. By age 15, Williams had three juvenile delinquency convictions for home burglaries. Then, when Williams was 16, he fled from police in a car that he eventually crashed into a cemetery fence. Williams was found with a firearm when arrested for that incident. By age 18,

Williams had two more felony convictions, one for theft and the other for possession of cocaine with intent to distribute.

The judge further noted that "the nature of the defendant's previous convictions are such that he narrowly, narrowly missed qualifying as an armed career criminal, which would have required, under the present system of sentencing, a 15-year mandatory minimum sentence." The judge added that he was "troubled by the firearms violations associated with this case" because "the evidence supports the conclusions that Mr. Williams shot at an individual with a firearm on two separate occasions during September 2014 and that one of his victims was shot multiple times." The judge concluded: "The defendant has demonstrated an alarming disregard for the safety of his own life and for life of others by his actions. For all of these reasons, the Court has imposed a sentence above the advisory guideline range."

## II.

Our review of a criminal sentence is for "abuse of discretion" based on "the totality of the facts and circumstances." United States v. Irey, 612 F.3d 1160, 1188–89 (11th Cir. 2010) (en banc). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." Id. at 1189 (quotation

3

omitted).  When a sentence exceeds the guidelines range, we "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance."  Gall v. United States, 552 U.S. 38, 50, 128 S. Ct. 586, 597 (2007).   Even then, "we are to vacate the sentence . . . only if[] we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [18 U.S.C.] § 3553(a) factors."  Irey, 612 F.3d at 1190 (quotation omitted).  The party challenging the sentence "bears the burden of establishing that the sentence is unreasonable."  United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006) (alteration omitted).

Williams has not shown that his sentence is substantively unreasonable.  Williams suggests that the judge should not have considered his juvenile delinquency convictions in addition to his adult convictions as a basis to increase his sentence.  He notes that the "Sentencing Commission has specifically decided to limit the relevance of juvenile adjudications at sentencing out of a concern for disparate treatment of individuals."  Williams is correct that the Sentencing Guidelines do not factor certain juvenile adjudications into the defendant's criminal history score "due to the differential availability of [juvenile] records."  See United States Sentencing Guidelines § 4A1.2 n.7.  But the guidelines do not forbid a judge from counting juvenile conduct when considering "the history and characteristics of the defendant."  18 U.S.C. § 3553(a)(1).

4

Also, this Court has upheld upward variances in light of a defendant's numerous juvenile adjudications, as well charges that were not pursued. See, e.g., United States v. Shaw, 560 F.3d 1230, 1232–35, 1239–40 (11th Cir. 2009). The defendant in Shaw received a 120-month sentence (the statutory maximum for his crime) even though he had a Sentencing Guidelines range of 30 to 37 months. Id. at 1240. We held that this sentence was reasonable given the defendant's lengthy juvenile and adult criminal history. See id. at 1241; see also United States v. Williams, 989 F.2d 1137, 1141 (11th Cir. 1993) ("[W]e hold that the district court properly considered Williams's remote juvenile sentences in deciding whether to depart upward from the guidelines range. . . . Ignoring this serious criminal conduct would serve merely to obscure his serious history of criminality and the likelihood that he would commit crimes in the future." (quotation omitted)).

Williams also suggests that the district court improperly considered that, in the judge's words, Williams "narrowly, narrowly missed" the Armed Career Criminal Act's (ACCA) mandatory minimum 15-year sentence given "the nature of [his] previous convictions." Williams argues that the fact that he did not have enough ACCA predicates "weighs in favor of not sentencing him as though he had the [predicates] necessary to trigger the statute." To be clear, Williams's 69-month sentence was nearly ten years below ACCA's mandatory minimum. As for Williams's single ACCA-eligible offense, a district court may consider prior

offenses under the § 3553(a) factors even if the "previous offenses were included in [the defendant's] criminal history and were therefore part of the calculation of his guideline range." United States v. Williams, 526 F.3d 1312, 1322–24 (11th Cir. 2008) (per curiam).  All of Williams's previous criminal conduct "fits squarely into one of the § 3553(a) factors, the history and characteristics of the offender, 18 U.S.C. § 3553(a)(1), and was therefore a proper basis for the court's consideration." Id. at 1323.

### III.

Given Williams's history and the fact that he was being sentenced for possessing a firearm after shooting two people just a few months earlier, Williams has not shown that the sentencing judge made a clear error of judgment in weighing the § 3553(a) factors.  His sentence is **AFFIRMED**.