[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12562

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOHN KEILEY LUBIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20046-CMA-1

_____

Before JORDAN, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

John Lubin pleaded guilty to wire fraud and aggravated identity theft. Because his 36-month wire fraud sentence is substantively reasonable, we affirm.

## I.

In early 2021, Miami police arrested John Lubin at a traffic stop. During the stop, Lubin repeatedly reached into his bag, which the police discovered contained a firearm. When the police asked Lubin to give his name and birthday, he gave the name on his driver's license and claimed that he did not remember his birthday. He later admitted that his real name was not the name on his license.

Soon after, Lubin pleaded guilty to wire fraud under 18 U.S.C. § 1343 and aggravated identity theft under § 1028A(a)(1). As part of his factual proffer, he admitted that his driver's license featured his picture but included someone else's personal information. He knew that this information matched a real person. With this fraudulent license, Lubin had purchased two luxury vehicles—then defaulted on the loans—and rented multiple apartments in Miami, for which he never fully paid.

The presentence investigation report (PSI) applied the U.S. Sentencing Guidelines to recommend an advisory range for Lubin's sentence. The PSI determined that he had an offense level

of 13 and a criminal history category of II. Together, that amounted to an advisory Guidelines range of 15 to 21 months for the wire fraud count. By statute, the aggravated identity theft count added a mandatory 24 months. *See* 18 U.S.C. § 1028A(a)(1). Lubin did not object to anything in the PSI.

After a hearing, the court sentenced him to 60 months imprisonment and three years of supervised release. The sentence included the mandatory 24 months for aggravated identity theft and 36 months for wire fraud—an upward variance of 15 months from the Guidelines recommendation. To explain the variance, the court first invoked the sentencing factors found in 18 U.S.C. § 3553. It considered the Guidelines range "inadequate in addressing the statutory factors" because of "the nature and circumstances of the offense conduct" and Lubin's "history and characteristics." The court focused on his extensive history of identity fraud, his knowledge of the wrongfulness of his acts, and the harms he had caused. And the court concluded that there was "a great need to deter Mr. Lubin from future wrongful conduct as well as to deter others."

Lubin now appeals the 36-month wire fraud sentence, claiming that it is substantively unreasonable.

## II.

We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Overstreet*, 713 F.3d 627, 636 (11th Cir. 2013).

### III.

When imposing a sentence, a court may exceed the Guidelines range based on the factors found in 18 U.S.C. § 3553(a). *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022). We will not "second guess" the weight given to these factors as long as the sentence is "reasonable under the circumstances." *Id.*

Lubin's sentence is reasonable. Echoing § 3553(a)(1), the court explained that he has "a history of taking liberties with other people's identities to defraud, to steal," and do so "without regard for those who he is hurting." Our review of the PSI confirms this observation. If anything, the district court understated Lubin's previous conduct. For example, the PSI contains convictions showing that he had used stolen credit card information a "large number" of times and already presented a fake driver's license to police. It also summarizes arrest affidavits suggesting that Lubin cloned multiple credit cards for others, created fraudulent identification cards, and possessed a vehicle stolen using someone else's identity. All this information is relevant. *See Butler*, 39 F.4th at 1355–56 (summarizing the "broad leeway" courts have to weigh criminal history (quotation omitted)); *United States v. Williams*, 989 F.2d 1137, 1142 (11th Cir. 1993) (concluding that courts may consider "facts drawn from police reports" related to arrests when the defendant does not contest their reliability).

We are also persuaded by the court's characterization of Lubin's offense as serious and the weight it placed on the need for both specific and general deterrence. *See* 18 U.S.C. § 3553(a)(2).

Indeed, Lubin's "economic and fraud-based crimes" are "prime candidates for general deterrence." *United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006) (alteration adopted and quotation omitted). Finally, "a sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence." *United States v. Taylor*, 997 F.3d 1348, 1355 (11th Cir. 2021). Lubin's three-year wire fraud sentence is well below the statutory maximum of twenty years. *See* 18 U.S.C. § 1343.

Because Lubin's sentence is reasonable given the statutory guidance and undisputed facts, the court did not abuse its discretion.

★          ★          ★

We **AFFIRM**.