[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10566

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DEVANE JENKINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:15-cr-60121-JEM-2

_____

Before JORDAN, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Devane Jenkins appeals his sentence for attempted Hobbs Act robbery. Jenkins's initial 288-month sentence was vacated after the Supreme Court's ruling in *United States v. Taylor*, 596 U.S. 845 (2022), undermined one of the two counts under which he was sentenced. Upon resentencing for the remaining count, the court imposed a 210-month sentence. On appeal, Jenkins presents two arguments. First, he argues that the district court committed procedural error in imposing his sentence when it upwardly departed from his criminal history category of III after finding that it underrepresented the seriousness of his prior offenses and the likelihood that he would commit future crimes. Second, he argues that his sentence is substantively unreasonable because the district court relied on factors outside the scope of 18 U.S.C. § 3553(a). The facts of the case are known to the parties, and we repeat them here only as necessary to decide the case. After carefully considering the record and the parties' arguments, we affirm.

**I**

We hold that the district court did not commit procedural error in imposing an upward departure. At sentencing, the district court applied an upward departure under U.S.S.G. § 4A1.3(a), raising the criminal history category applicable to Jenkins from III to VI. Jenkins argues on appeal that the court erred in imposing that upward departure. "We review *de novo* the district court's

interpretation of any part of the guidelines . . . but we review the extent of a departure only for abuse of discretion." *United States v. Crisp*, 454 F.3d 1285, 1288 (11th Cir. 2006) (citation omitted).

A district court may depart upward "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(a)(1). One such piece of "reliable information" can be "[p]rior sentence(s) of substantially more than one year imposed as a result of independent crimes committed on different occasions." *Id.* § 4A1.3(a)(2)(B). The commentary to § 4A1.3 provides examples of when an upward departure from the defendant's criminal history category may be warranted, one of which is "[r]eceipt of a prior consolidated sentence of ten years for a series of serious assaults." *Id.*, comment (n.2(A)(ii)). The district court also may consider more generally that the defendant has "repeatedly committed crimes and violated probation with disturbing frequency." *United States v. Briggman*, 931 F.2d 705, 710 (11th Cir. 1991). The presentence investigation report, or PSI, may provide reliable information about criminal conduct on which the court can rely when considering a departure. *See United States v. Williams,* 989 F.2d 1137, 1142 (11th Cir. 1993) ("The PSI in this case does not contain a mere record of arrests, but provides additional facts drawn from police reports relative to the conduct that prompted the arrests. Nothing before us indicates that the district court relied on an arrest record alone.").

"A court must give the parties advance notice if it is considering *departing* from the guidelines range calculated in the [PSI] . . . ." *United States v. Hall*, 965 F.3d 1281, 1295–96 (11th Cir. 2020) (emphasis in original); *see also* Fed. R. Crim. P. 32(h). Further, if a court departs upward from the otherwise applicable criminal history category under § 4A1.3, it must specify in writing "the specific reasons why the applicable criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(c)(1).

The presentence investigation report assigned Jenkins six criminal history points, which established a criminal history category of III. But it also noted that, under U.S.S.G. § 4A1.3, an upward departure may be appropriate. In Jenkins's case, he had received a consolidated sentence of four years at one point, meaning that for several of his offenses, he received no criminal history points. The government filed a request for an upward departure, and Jenkins opposed it in his sentencing memorandum. The government once again asked for an upward departure at sentencing, and the court granted it, raising Jenkins's criminal history category from III to VI. Before us, Jenkins makes several arguments that the district court erred in imposing the upward departure. None is persuasive.

First, Jenkins asserts that the court improperly considered his prior four-year sentence for strong-arm robbery under § 4A1.3(a)(2)(B). Application Note 2(A)(ii), he says, refers to a *ten-*

year sentence, which he contends indicates a hard-and-fast "benchmark" for a sentence of "substantially more than one year."  But the Application Note is not a benchmark; it is simply an example. We have never drawn a firm line regarding what constitutes "substantially more than one year," but we are confident that a four-year sentence fits the bill.  *See, e.g.*, *United States v. Lewis*, 954 F.2d 1386, 1397 (7th Cir. 1992) (holding that a three-year sentence qualified).  Further, the district court made additional findings independent of § 4A1.3(a)(2)(B).  U.S.S.G. § 4A1.3(a)'s test is not limited to the factors listed in § 4A1.3(a)(2), which are merely exemplary of what "reliable information . . . *may include*."  U.S.S.G. §§ 4A1.3(a)(1), (2) (emphasis added).  Rather, we have held that reliable information regarding "repeatedly committed crimes" can also justify an upward departure. *See Briggman*, 931 F.2d at 710.  The PSI in this case made such a finding, reporting that Jenkins's criminal record showed "a pattern of criminal lifestyle."  And the district court found that Jenkins's criminal history was "a little bit low for his background" and that his criminal history was significantly underrepresented.  This is enough to justify a departure.

Second, Jenkins asserts that the court made no finding that either (1) his "criminal history category of III substantially underrepresented the seriousness of [his] criminal history or the likelihood that [he] will commit other crimes" or (2) that the upward departure was made under § 4A1.3(a)(2)(B).  To Jenkins's first point, the court did make such a finding:  "An upward departure pursuant to Section 4A1.3 of the guideline range will provide sufficient punishment and deterrence, as the defendant's criminal

6                    Opinion of the Court                    24-10566

history is significantly under-represented." Tr. of Re-Sentencing Hr'g 15:4–6, ECF No. 140. And to Jenkins's second point, § 4A1.3(a)(1) doesn't require a finding that an upward departure is pursuant to a particular item of information described in § 4A1.3(a)(2). Instead, it simply requires a finding that the calculated criminal category is under-representative, which can be proven through information described in § 4A1.3(a)(2), *Briggman*, or both. Further, the court also satisfied *Hall*'s notice requirement when it told Jenkins's lawyer at the sentencing hearing that Jenkins is "looking at an upward variance or departure" and allowed him to respond. Tr. of Re-Sentencing Hr'g 11:23–12:2, ECF No. 140; 965 F.3d at 1295–96.

Finally, Jenkins asserts that the upward departure "upsets and contravenes" the finality of judgments in Florida's state court system. But an upward departure doesn't affect the finality of any judgments and doesn't upset or reopen any sentences. Rather, the § 4A1.3(a)(1) analysis allows departures from the strictures of the § 4A1.2 analysis when it fails to accurately grasp the extent of an individual's criminal history.

## II

Second, we hold that Jenkins's sentence is not substantively unreasonable on the ground that the district court relied on impermissible factors at sentencing. Jenkins argues on appeal that the district court improperly relied on factors outside the scope of 18 U.S.C. § 3553(a). "[T]he familiar abuse-of-discretion standard of review [] applies to appellate review of sentencing decisions." *Gall v.*

*United States*, 552 U.S. 38, 46 (2007). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (internal quotation marks and citation omitted). "In the context of sentencing, the proper factors are set out in 18 U.S.C. § 3553(a), and a district court commits a clear error in judgment when it weighs those factors unreasonably, arriving at a sentence that does not 'achieve the purposes of sentencing as stated in § 3553(a).'" *Id.* (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)).

Under § 3553(a), "[t]he district court's task is to impose a sentence that will adequately (1) 'reflect the seriousness of the offense,' (2) 'promote respect for the law,' (3) 'provide just punishment,' (4) 'afford adequate deterrence,' (5) 'protect the public from further crimes of the defendant,' and (6) provide the defendant with any needed training and treatment in the most effective manner." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1253–54 (11th Cir. 2015) (quoting 18 U.S.C. § 3553(a)(2)(A)–(D)). To promote these goals, "the district court [must] consider a variety of factors," such as:

> (1) the nature and circumstances of the offense, (2) the defendant's history and characteristics, (3) the kinds of sentences available, (4) the applicable sentencing guidelines range, (5) pertinent policy statements of the Sentencing Commission, (5) the need to

provide restitution to any victims, and (6) the need to
avoid unwarranted sentencing disparities.

*Id.* at 1254 (referencing 18 U.S.C. § 3553(a)).

Jenkins contends that the court improperly relied on three factors outside the scope of § 3553(a): (1) the perceived "fact" that the state courts in which Jenkins was adjudicated for previous convictions did not have enough money to operate a sufficient number of jails; (2) the judge's personal experience with local courts not appropriately punishing defendants despite their recidivism; and (3) disagreement with the Supreme Court's decision in *Taylor* under which Jenkins had obtained relief. But the court mentioned the first two facts in the course of discussing a potential upward departure under § 4A1.3(a)(1). And those facts are relevant to deciding whether Jenkins's criminal history was under-representative, meaning that the district court can properly consider them. Further, despite its statements expressing some concern with potentially unforeseen effects of the holding in *Taylor*, the court did not improperly rely on a disagreement with *Taylor* or undermine the case. Rather, it respected the holding in *Taylor* by vacating Jenkins's § 924(c) conviction under Count 2 and by not adhering to its original 288-month sentence and instead imposing a substantially lower 210-month sentence upon Jenkins's resentencing.

Jenkins further asserts that the "record is void of any application of the § 3553(a) factors." Although the court did not list each § 3553(a) factor, it did not need to. Under our precedent, its statement that it considered the § 3553(a) factors is sufficient. *United*

24-10566              Opinion of the Court                    9

*States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) ("In consideration of the § 3553(a) factors . . . [a]n acknowledgment the district court has considered the defendant's arguments and the § 3553(a) factors will suffice." (citation omitted)).  And the court did discuss several § 3553(a) factors.  The court put significant weight on Jenkins's criminal history and the nature of the offense, as demonstrated by it questioning whether Jenkins thought a criminal history category of III was "a little bit low," given his background, and whether the present offense was a crime of violence.

★  ★  ★

For these reasons, Jenkins's sentence is **AFFIRMED**.