[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 19, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15363
Non-Argument Calendar

_____

D. C. Docket No. 07-00171-CR-01-JEC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LIMBANO GALINDO-LARA,
a.k.a. Jorge Fernandez Mendez,
a.k.a. Limbrano Galindo,
a.k.a. Jorge Garcia-Mendez,
a.k.a. Jorge Galindo-Mendez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(May 19, 2008)**

Before TJOFLAT, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Limbano Galindo-Lara pled guilty to being an alien who illegally re-entered the United States after being removed, in violation of 8 U.S.C. § 1326(a) and (b)(2), and the district court sentenced him to prison for a term of 37 months. He now appeals his sentence, claiming that the court (1) erred by not eliciting objections when it issued an amended judgment which changed his sentence; (2) abused its discretion by not following the proper procedure when upwardly departing from the Guidelines sentence range under U.S.S.G. § 4A1.3; and (3) erred by imposing an unreasonable sentence. We address the first two claims; in light of our disposition of this appeal, it is unnecessary to consider the third claim.

(1) Following the imposition of a sentence, the district court must elicit fully articulated objections to the court's findings of fact and conclusions of law. United States v. Jones, 899 F.2d 1097, 1102 (11th Cir. 1990), overruled on other grounds, United States v. Morrill, 984 F.2d 1136 (11th Cir. 1993) (en banc). If the court fails to do this, which is the case here, "[a] remand is unnecessary . . . [if] the record on appeal is sufficient to enable review." United States v. Campbell, 473 F.3d 1345, 1347 (11th Cir. 2007). The record in this case on appeal is sufficient to

enable meaningful review.  See Campbell, 473 F.3d at 1347.

(2)  Galindo claims that the district court failed to follow the proper procedure for imposing a departure, under U.S.S.G. § 4A1.3, in that it neglected to conduct the required incremental inquiry by explicitly considering each higher criminal history category and determining whether that category yielded an appropriate sentence range.  We generally review a district court's upward departure under § 4A1.3 for an abuse of discretion.  United States v. Hernandez, 160 F.3d 661, 668 (11th Cir. 1998).  A district court abuses its discretion if it follows improper procedures in making a determination.  Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1096 (11th Cir. 2004).  "Typically, when a defendant fails to object to an alleged error before the district court, we review the argument only for plain error."  United States v. Johnson, 451 F.3d 1239, 1242 (11th Cir.), cert. denied, 127 S.Ct. 462 (2006).  To preserve an objection, the defendant must "clearly articulate a specific objection during sentencing."  United States v. Zinn, 321 F.3d 1084, 1088 (11th Cir. 2003).  However, where the court fails to give the defendant an opportunity to raise an objection by not eliciting objections following the imposition of the sentence, we have declined to review an unpreserved issue only for plain error.  See Johnson, 451 F.3d at 1242.

Under U.S.S.G. § 4A1.3, an upward departure may be warranted if "reliable

3

information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." The Guidelines distinguish between guided and unguided departures. United States v. Gibson, 434 F.3d 1234, 1252 (11th Cir. 2006). Under § 4A1.3, the district court must make a guided horizontal departure. Id. "When granting a departure under [§ 4A1.3], the district court must discuss each criminal history category it passes over en route to the category that adequately reflects the defendant's past criminal conduct." Id. at 1252-53 (quotation omitted); see United States v. Johnson, 934 F.2d 1237, 1239-40 (11th Cir. 1991). Failure to follow this procedure is reversible error and requires resentencing. See United States v. Huang, 977 F.2d 540, 543-44 (11th Cir. 1992).

Although Galindo may have not clearly articulated a specific objection to the procedure the district court used in imposing the § 4A1.3 departure, we review this issue for an abuse of discretion because he did not have an opportunity to object following the imposition of sentence. See Johnson, 451 F.3d at 1242; Zinn, 321 F.3d at 1088. Here, the court neglected to follow the proper procedure for making a guided departure under § 4A1.3 because it failed to "discuss each criminal history category it passe[d] over en route to the category that adequately reflect[ed]

4

the defendant's past criminal conduct." <u>Gibson</u>, 434 F.3d at 1252-53; <u>see</u> <u>Klay</u>, 376 F.3d at 1096. We therefore vacate Galindo's sentence and remand the case for resentencing.

**VACATED and REMANDED.**