[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-10654
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 7, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00171-CR-01-JEC-1

UNITED STATES OF AMERICA,


                                                        Plaintiff-Appellee,


versus


LIMBANO GALINDO-LARA,
a.k.a. Jorge Fernandez Mendez,
a.k.a. Limbrano Galindo,
a.k.a. Jorge Garcia-Mendez,
a.k.a. Jorge Galindo-Mendez,


                                                        Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 7, 2009)

Before TJOFLAT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

In <u>United States v. Galindo-Lara</u>, 278 Fed.Appx. 908 (11th Cir. 2008), we vacated appellant's prison sentence of 37 months,[1] an upward departure from the Guidelines sentence range, and remanded the case for resentencing on the ground that the district court failed to follow the proper procedure for making a guided departure under U.S.S.G. § 4A1.3, i.e., the court failed sufficiently to explain its upward departure. On remand, the district court entered a written order providing further elaboration on how it arrived at appellant's sentence. The court stated that the Guidelines sentence range understated the severity of appellant's criminal history—he had three previous uncredited drug convictions—and that he had been deported seven times prior to committing the instant offense. The court therefore concluded that the sentence it had imposed was appropriate under the circumstances. Appellant once more appeals, presenting two arguments. We consider them in order.

I.

Appellant argues that the district court imposed a substantively unreasonable sentence. He observes that his prior criminal convictions and deportations occurred during a particular period of time during which he was a very different

---

[1] Appellant was sentenced on a plea of guilty to being an alien who illegally re-entered the United States after being removed, in violation of 8 U.S.C. § 1326(a) and (b)(2).

person and that he came to the United States most recently to make money to treat his sick daughter. He also observes that the Government recommended a much lower sentence than the court imposed.

We review a sentence for unreasonableness under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. ___, 128 S.Ct. 586, 591, 169 L.Ed.2d. 445 (2007). A sentence is substantively unreasonable "if it does not achieve the purposes of sentencing stated in [18 U.S.C.] § 3553(a)." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008). The burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Section 3553(a) provides that district courts must consider, inter alia, (1) the applicable guideline range; (2) the nature and circumstances of the offense; (3) the history and characteristics of the defendant; (4) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (5) the need for adequate deterrence to criminal conduct; (6) protection of the public from further crimes of the defendant; and (7) the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a). "The weight to be accorded any given § 3553(a) factor is a matter committed to the

3

sound discretion of the district court, and [this court] will not substitute [its] judgment in weighing the relevant factors." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (quotations and alterations omitted).

Appellant's sentence was not substantively unreasonable because he has had three prior drug convictions and an extensive history of illegally re-entering the United States. Therefore, the district court did not abuse its discretion in sentencing appellant to 37 months' imprisonment.

II

Appellant argues that the district court erred by failing to elicit objections from the parties following the issuance of its written order on remand. Thus, we should vacate the sentence and remand for further sentencing proceedings in order to provide the parties with an opportunity to raise objections.

Following imposition of a sentence, district courts must elicit fully articulated objections to the court's findings of fact and conclusions of law. United States v. Jones, 899 F.2d 1097, 1102 (11th Cir. 1990), overruled on other grounds, United States v. Morrill, 984 F.2d 1136 (11th Cir. 1993) (en banc). "A remand is unnecessary, however, when the record on appeal is sufficient to enable review." United States v. Campbell, 473 F.3d 1345, 1347 (11th Cir. 2007). "Under the law of the case doctrine, both the district court and the court of appeals are bound by

4

findings of fact and conclusions of law made by the court of appeals in a prior appeal of the same case unless (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." United States v. Stinson, 97 F.3d 466, 469 (11th Cir. 1996).

As an initial matter, we note that this is appellant's second appeal of his sentence. The first time appellant appeared before us he raised the issue of the district court's failure to elicit objections to the imposed sentence. See United States v. Galindo-Lara, 278 Fed. Appx. 908, 909-10 (11th Cir. 2008). In response, we held that a remand on this matter was inappropriate because the record permitted a meaningful appellate review. See id. Because none of the exceptions to the law of the case doctrine are applicable in this case, we are bound by this prior holding.

AFFIRMED.