934 F.2d 1237
 UNITED STATES of America, Plaintiff-Appellee,
v.
Irving Lamar JOHNSON, Defendant-Appellant.
 No. 89-4048
Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 July 1, 1991.
 
 Armando Garcia, Tallahassee, Fla., for defendant-appellant.
 Paul Alan Sprowls, Asst. U.S. Atty., Tallahassee, Fla., for plaintiff-appellee.
 Appeal from the United States District Court for the Northern District of Florida.
 Before TJOFLAT, Chief Judge, FAY and BIRCH, Circuit Judges.
 TJOFLAT, Chief Judge:
 
 
 1
 In this appeal, the appellant challenges the prison sentence he received in the district court for robbing a federal credit union.[1] See 18 U.S.C. Sec. 2113(a) (1988). For the reasons that follow, we vacate appellant's sentence and remand the case to the district court for resentencing.
 
 
 2
 The appellant was charged, by indictment, with two section 2113(a) offenses, both of which took place in Gainesville, Florida: the robbery of a bank on December 21, 1988 (count one), and the robbery of a federal credit union on December 24, 1988 (count two). After receiving discovery from the Government, the appellant pled guilty to the count two offense, pursuant to a plea agreement that called for the Government to dismiss the count one charge at sentencing, and the district court instructed its probation service to prepare a presentence investigation (PSI) report.
 
 
 3
 When the case came on for sentencing, the district court first heard the appellant's objections to the PSI report (the Government had none), and resolved them.[2] Next, the court asked the appellant's attorney if the appellant wished to address the court. The attorney replied that the appellant had nothing to say. The court then handed down its sentence.
 
 
 4
 The maximum penalty the court could impose for appellant's violation of 18 U.S.C. Sec. 2113(a) is the penalty specified in that statute: a fine of "not more than $5,000 or imprison[ment for] not more than twenty years, or both." The Sentencing Reform Act of 1984, Pub.L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 and 28 U.S.C.), required the district court to consider the following factors, among others:
 
 
 5
 (1) the nature and circumstances of the offense [of which the defendant had been convicted] and the history and characteristics of the defendant;
 
 
 6
 (2) the need for the sentence imposed--
 
 
 7
 (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
 
 
 8
 (B) to afford adequate deterrence to criminal conduct;
 
 
 9
 (C) to protect the public from further crimes of the defendant; and
 
 
 10
 (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
 
 
 11
 ....
 
 
 12
 (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines that are issued by the Sentencing Commission pursuant to 28 U.S.C. Sec. 994(a)(1) and that are in effect on the date the defendant is sentenced;
 
 
 13
 (5) any pertinent policy statement issued by the Sentencing Commission pursuant to 18 U.S.C. Sec. 994(a)(2) that is in effect on the date the defendant is sentenced;
 
 
 14
 (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
 
 
 15
 (7) the need to provide restitution to any victims of the offense.
 
 
 16
 18 U.S.C. Sec. 3553(a) (1988). According to the PSI report, the Sentencing Commission's Guidelines prescribed a sentence of imprisonment for the appellant's section 2113(a) offense (a level 17 offense) and for a person in appellant's "criminal history category," III, of not less than thirty months and not more than thirty-seven months. See Sentencing Guidelines Secs. 2B3.1(a), (b)(1), 3E1.1, 4A1.1 (November 1, 1989).[3] Thus, the Guidelines instructed the district court to sentence appellant to prison for a term within this thirty-to-thirty-seven-month range.
 
 
 17
 The district court, however, determined, pursuant to Guidelines Sec. 4A1.3 (November 1, 1987), that appellant's criminal history category did not adequately reflect the seriousness of his past criminal conduct and, thus, departed upward from the prescribed Guideline range.[4] Principally, the court thought that the bank robbery for which the Government had agreed not to prosecute appellant (count one of appellant's indictment) demonstrated the inadequacy of appellant's criminal history category.[5] In departing, the court sentenced appellant as if he had been convicted of a level 21 offense; the court did not adjust his criminal history category (III). This combination (level 21 offense, criminal history category III) made appellant subject to forty-six to fifty-seven months imprisonment; the court sentenced appellant to fifty-seven months imprisonment.
 
 
 18
 On appeal, appellant argues that the district court, in departing upward, erred in its application of section 4A1.3. We agree. This court has previously noted that the Guidelines provide specific guidance, either "by analogy or by other numerical or non-numerical suggestions," for district courts to use, in some cases, when departing from the prescribed Guideline range. United States v. Fayette, 895 F.2d 1375, 1377 (11th Cir.1990) (quoting Guidelines ch. 1, pt. A, introduction 4(b) (Nov. 1989)). "Departure from the otherwise applicable criminal history category, pursuant to Guidelines Sec. 4A1.3, is an example of a guided departure." Id. As the Guidelines explain, a district court, when departing under this section, should "use, as a reference, the guideline range for a defendant with a higher or lower criminal history category, as applicable." Guidelines Sec. 4A1.3. For example,
 
 
 19
 if the court concludes that the defendant's criminal history category of III significantly under-represents the seriousness of the defendant's criminal history, and that the seriousness of the defendant's criminal history most closely resembles that of most defendants with a Category IV criminal history, the court should look to the guideline range specified for a defendant with a Category IV criminal history to guide its departure.
 
 
 20
 Id.
 
 
 21
 In following this procedure, then, district courts, in departing upward, must look to the next highest criminal history category and determine, taking into account the factors allowed by section 4A1.3, whether that category more accurately reflects the defendant's criminal history.[6] If the court determines that the defendant's criminal history fits that category,[7] then the court must sentence the defendant within the range called for by the Guidelines, given this new criminal history category and the offense level of the crime for which the defendant is being sentenced. If, on the other hand, the court decides that this new category is still inadequate to reflect the defendant's criminal history, the court must look to the next highest category and repeat its inquiry.[8]
 
 
 22
 In the present case, the district court failed to follow this procedure. The court, after concluding that category III inadequately reflected appellant's criminal history, simply, and inexplicably, increased appellant's offense level and sentenced him accordingly. Because the district court failed to follow the procedure required by the Guidelines, we VACATE appellant's sentence and REMAND this case to the district court so that it can properly fashion appellant's sentence.
 
 
 23
 IT IS SO ORDERED.
 
 
 
 [1]
 The appellant takes this appeal pursuant to 18 U.S.C. Sec. 3742(a) (1988), which provides, in pertinent part, for the appellate review of a sentence if the sentence was imposed "in violation of law," or "as a result of an incorrect application of the [United States Sentencing Commission's] sentencing guidelines," or if the sentence provides for a term of imprisonment that is "greater than the [term] specified in the applicable guideline range." In this case, as we explain infra, the appellant contends that the district court, in fashioning his sentence, misapplied the guidelines and/or imposed a prison term greater than the term authorized by the applicable guideline range
 
 
 [2]
 Neither the appellant's objections nor the court's resolution of them are relevant to the issues raised in this appeal
 
 
 [3]
 The PSI relied on the Guidelines in effect at the time appellant was sentenced. The sentencing guidelines also prescribed, in addition to a term of imprisonment, the imposition of a fine and, if appropriate, restitution. These guidelines are not relevant to the issues before us
 
 
 [4]
 While the district court did not explicitly state that it was relying on Guidelines Sec. 4A1.3 in departing upward on appellant's sentence, the record demonstrates that the district court justified its upward departure with its perception that appellant's criminal history category inaccurately reflected appellant's past criminal conduct
 
 
 [5]
 A departure for such reason is proper under Guidelines Sec. 4A1.3(e), which allows a court to depart from the otherwise applicable guideline range because of "prior similar adult criminal conduct not resulting in a criminal conviction."
 
 
 [6]
 The procedure is substantially the same when the court intends to depart downward
 
 
 [7]
 The district court must share its findings with the defendant on the record
 
 
 [8]
 "The Commission contemplates that there may, on occasion, be a case of an egregious, serious criminal record in which even the guideline range for a Category VI criminal history is not adequate to reflect the seriousness of the defendant's criminal history. In such a case, a decision above the guideline range for a defendant with a Category VI criminal history may be warranted." Guidelines Sec. 4A1.3. Note, however, that this does not hold true for downward departures; "a departure below the lower limit of the guideline range for a Category I criminal history on the basis of the adequacy of criminal history cannot be appropriate." Id