[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15643
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-00145-AKK-JEO-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARCUS TYSHUN PORTER,
a.k.a. MP,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(December 17, 2014)

Before WILLIAM PRYOR, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Marcus Porter appeals his conviction and 210-month sentence for bank robbery in violation of 18 U.S.C. § 2113(a) and conspiracy to commit bank robbery in violation of 18 U.S.C. § 371.

On appeal, Mr. Porter argues that (1) his conviction for bank robbery should be vacated because an error on the verdict form incorrectly defined the offense; (2) the district court erred by increasing his offense level under the Sentencing Guidelines by 6 levels for the use of a firearm during the bank robbery, because the jury found him not guilty of armed bank robbery; and (3) the district court abused its discretion when it sentenced him to 210 months in custody. We affirm.

I

Mr. Porter participated in an armed bank robbery of a Wachovia Bank in Anniston, Alabama in July of 2008.  Mr. Porter did not possess a gun during the robbery, but at least one of his co-conspirators did. Consequently, Mr. Porter was charged in Count 1 with conspiracy to commit bank robbery and in Count 2 with armed bank robbery under 18 U.S.C. § 2113(d) or, alternatively, the lesser included offense of bank robbery under 18 U.S.C. § 2113(a).

In relevant part, § 2113(a) defines bank robbery as the act of "by force and violence, or by intimidation . . . obtain[ing] or attempt[ing] to obtain . . . any property or money . . . belonging to, or in the care, custody, control, management or possession, of any bank," and § 2113(d) defines armed bank robbery as the act

2

of when in "committing, or in attempting to commit, [bank robbery], assault[ing] any person, or put[ting] in jeopardy the life of any person by the use of a dangerous weapon or device." The difference between armed bank robbery and the lesser included offense of bank robbery is "the use of a dangerous weapon or device" to "assault" or "put[  ] in jeopardy the life of any person." *See* § 2113. *See also United States v. DeAngelo*, 13 F.3d 1228, 1234 (8th Cir. 1994) ("the use of a 'dangerous weapon' distinguishes armed bank robbery under § 2113(d) from simple bank robbery under § 2113(a)").

At trial, after the government presented evidence on Count 1 and Count 2, the government and Mr. Porter were shown the jury instructions and verdict form before they were read and provided to the jury. The verdict form asked the jury to find Mr. Porter guilty or not guilty of "Bank Robbery, accompanied by force, violence and intimidation" or in the alternative to find him guilty "of the lesser included offense of Bank Robbery." Neither the government nor Mr. Porter, however, raised any objection to the verdict form.

The jury found Mr. Porter guilty of the conspiracy charged in Count 1 and guilty of the lesser included offense of bank robbery charged in Count 2. Mr. Porter did not challenge the verdict or the verdict form until the presentence investigation report was issued. At sentencing, Mr. Porter argued that the jury found him not guilty of bank robbery under § 2113(a) and only guilty of bank

larceny under § 2113(b), which involves no "force and violence, or intimidation" and carries a shorter maximum sentence. The district court disagreed, noting that bank larceny was not part of the indictment and was not otherwise mentioned at trial. It, therefore, agreed with the government that the jury found Mr. Porter guilty of bank robbery under § 2113(a) and conspiracy to commit bank robbery.  The district court then sentenced Mr. Porter to 60 months on Count 1 and 210 months on Count 2, with the terms to be served concurrently.

## II

Mr. Porter argues on appeal that his conviction for bank robbery should be vacated because the verdict form misstated the law and lacked an element of the offense. The verdict form, Mr. Porter explains, was flawed because it asked the jury to find him guilty or not guilty of "Bank Robbery, accompanied by force, violence and intimidation" or in the alternative to find him guilty "of the lesser included offense of Bank Robbery." Force and violence or intimidation are necessary elements of bank robbery under both § 2113(a) and § 2113(d), Mr. Porter notes, and bank robbery cannot be a lesser included offense of itself. Although we agree that the verdict form did not accurately and clearly describe the offenses, we conclude that Mr. Porter was not prejudiced by the error.

As noted, Mr. Porter failed to object to the verdict form until sentencing. We, therefore, review for plain error. *See United States v. Mitchell*, 146 F.3d 1338,

4

1342 (11th Cir. 1998) ("Because [the appellant] did not raise objections to the . . . verdict form . . . we review . . . for plain error.").[1]

"The plain error rule should be used sparingly, and a conviction should be reversed only if a miscarriage of justice would otherwise result." *United States. v. Frank*, 599 F.3d 1221, 1238 (11th Cir. 2010) (quoting *United States v. Elkins*, 885 F.2d 775, 787 (11th Cir. 1989) (internal quotations omitted)). For a conviction to warrant reversal under plain-error review, we must conclude that (1) there was an error; (2) the error is plain or obvious; (3) the error affects the defendant's substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 731-32 (1993). *See also United States v. Massey*, 443 F.3d 814, 818 (11th Cir. 2006).

The district court erred when it drafted the verdict form for Count 2 by failing to properly distinguish between armed bank robbery and the lesser included offense of bank robbery. The statute in question, § 2113, provides that both armed bank robbery and bank robbery include the use of "force and violence, or intimidation," but only armed bank robbery includes the "use of a dangerous weapon or device." We agree with Mr. Porter that bank robbery cannot be a lesser

---

[1] Given our disposition on this issue, we need not decide whether Mr. Porter invited the error he now complains of.

included crime of bank robbery. The verdict form as to Count 2, therefore, contained an error.

The error was also plain or obvious. A plain error is one that is obvious and clear under the current law. *United States v. Dortch*, 696 F.3d 1104, 1112 (11th Cir. 2012). It is clear that bank robbery cannot be a lesser included offense of itself, and it is also clear that under the current law that the difference between armed bank robbery and bank robbery is the "use of a dangerous weapon or device," not violence and force or intimidation, as the verdict form might have implied.

We do not believe, however, that the error on the verdict form affected Mr. Porter's substantial rights or seriously affected the fairness, integrity, or public reputation of judicial proceedings. To affect a party's substantial rights, an "error must have been prejudicial: It must have affected the outcome of the district court proceedings." *Mitchell*, 146 F.3d at 1343, *quoting Olano*, 507 U.S. at 734 (internal quotations omitted). In determining if the error on the verdict form affected Mr. Porter's substantial rights, we look to "whether the jury instructions and verdict form, *considered as a whole*, were sufficient so that the jurors understood the issues and were not misled." *United States v. Poirier*, 321 F.3d 1024, 1032 (11th Cir. 2003) (emphasis added). In *Poirer*, we explained that we do not focus on a single sentence in the jury instructions, but rather look at the language together as a

6

whole with the verdict form to determine whether a reversible error has occurred. *Id.* at 1032.

There was ample evidence presented at trial to support Mr. Porter's conviction for bank robbery under § 2113(a). There was no confusion on the verdict form as to Count 1, which charged conspiracy to commit bank robbery, nor does Mr. Porter raise any objection as to that conviction. The verdict form, read in conjunction with the jury instructions, indicates that the difference between armed bank robbery and the lesser included offense of bank robbery was the use of a firearm.

The instructions on Count 2 told the jury that, to find Mr. Porter guilty of bank robbery under § 2113(a) or (d), it had to find beyond a reasonable doubt that:

> (1) the Defendant knowingly took money or property possessed by a federally insured bank from or in the presence of the person described in the indictment;
>
> (2) the Defendant did so by means of force and violence or by means of intimidation; and
>
> (3) the Defendant put someone's life in jeopardy by using a dangerous weapon or device while stealing the property or money, as charged.

The district court also instructed the jury that if it were to "find the Defendant 'Not Guilty' of the crime charged in Count 2 of the indictment, [it] must then determine whether the Defendant is guilty or not guilty of the lesser-included offense[,] . . . of bank robbery *without* using a dangerous weapon or device and putting in [sic]

7

someone's life in jeopardy." The court further clarified that the lesser included offense was the same "except that the crime was committed without putting someone's life in jeopardy by using a dangerous weapon or device." Reading the verdict form in conjunction with the jury instructions, we conclude that the distinction between armed bank robbery and the lesser included offense of bank robbery was adequately explained to the jury.

In sum, the error on the verdict form did not affect Mr. Porter's substantial rights or call into question the fairness, integrity, or public reputation of judicial proceedings. We, therefore, affirm Mr. Porter's conviction for bank robbery.

### III

Mr. Porter also argues that the district court abused its discretion when it sentenced him to 210 months for bank robbery, because it erred in calculating the Sentencing Guidelines and because the sentence was unreasonable in light of the circumstances. Specifically, Mr. Porter asserts that the district court erred in calculating the Guideline range by adding a 6-level enhancement for use of a firearm during the commission of the bank robbery and failed to take into consideration or give due weight to the changes he made in his life and good behavior in the years since his conviction. Mr. Porter contends that the sentence imposed by the district court violates 18 U.S.C. § 3553(a), because it is greater than necessary to accomplish the sentencing goals set out in § 3553(a)(2). We

8

disagree with all of these arguments. *United States v. Gonzalez*, 550 F.3d 1319, 1323-24 (11th Cir. 2008). Claims of procedural and substantive unreasonableness are reviewed under a "deferential abuse-of-discretion standard." *United States v. Overstreet*, 713 F.3d 627, 636 (11th Cir. 2013) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). The party challenging the sentence has the burden of demonstrating that the sentence is unreasonable in light of the record and the factors outlined in 18 U.S.C. § 3553(a). *Gonzalez*, 550 F.3d at 1323. We review for both procedural and substantive reasonableness. *Id.* at 1323-24.

A sentence may be procedurally unreasonable if the sentencing court, for example, fails to consider the factors set forth in § 3553(a), considers the Sentencing Guidelines mandatory, fails to properly calculate the appropriate guideline range, or fails to adequately explain the sentence. *Id.* at 1323. Here, the district court, at the sentencing hearing, explicitly discussed § 3553(a) factors, recognized the Sentencing Guidelines were only advisory, and adequately explained the sentence. Furthermore, if there was any error in calculating the appropriate guideline range, it was harmless.

With respect to substantive unreasonableness, we cannot reverse a district court's sentence, under this standard, simply because we would have imposed a different sentence. *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (en

banc). Our review is limited to whether the sentence imposed by the district court is within the range of reasonableness. *Id.* at 1190.

Mr. Porter argues the district court erred in applying § 2B3.1(b)(2)(B) of the Sentencing Guidelines, which adds six levels to a defendant's offense level if, during a robbery, "a firearm is otherwise used." If the jury convicted him of violating § 2113(a) and found him not guilty of violating § 2113(d), Mr. Porter argues that the district court erred in applying the 6-level offense enhancement under § 2B3.1(b)(2)(B) for use of a firearm because the jury made no finding that Mr. Porter knew or should have reasonably foreseen that a co-defendant would carry a firearm during the robbery. Mr. Porter specifically relies on the fact that the jury found him not guilty of using a "dangerous weapon or device" while committing bank robbery, and cites to the Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013), which held that any fact that increases the mandatory minimum sentence for a crime must be submitted to the jury.

We need not decide whether the district court erred in adding a 6-level enhancement for use of a firearm. The district court specifically stated at the sentencing hearing that the offense level of 32 was derived from § 4B1.1, the career offender guideline. And that means that any error with respect to the 6-level enhancement was harmless.

10

We review a district court's findings of fact under the Sentencing Guidelines for clear error and the application of the Guidelines to those facts *de novo*. *United States v. Gallo*, 195 F.3d 1278, 1280-81 (11th Cir. 1999). The presentence report initially set Mr. Porter's offense level at 31, including a 6-level enhancement under § 2B3.1(b)(2)(B) based on a co-conspirator's use of a firearm. However, because Mr. Porter was a career offender under § 4B1.1 and the offense carried a maximum 20-year sentence his offense level was 32. When the offense level for a career offender is greater than the offense level otherwise applicable, § 4B1.1(b) provides that the career offender offense level is the level applied. Based on an offense level of 32 and a criminal history category of VI, the advisory imprisonment range under the Sentencing Guidelines for Mr. Porter was between 210 and 240 months. Assuming Mr. Porter is correct, and the 6-level enhancement for use of a firearm was improperly applied, the error was harmless, as it did not affect Mr. Porter's ultimate guideline range or sentence, because the career offender offense level was applied. We, therefore, find the district court's sentence procedurally reasonable.

## IV

Mr. Porter next argues that the sentence was substantively unreasonable, because the district court failed to give due weight and consideration to § 3553(a) factors, which include the nature and circumstances of the offense, deterrence, reform, and protecting the public from further crimes. *United States v. Johnson*,

11

934 F.2d 1237, 1238 (11th Cir. 1991). The weight the district court gives to any § 3553(a) factor, however, "is a matter committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). We will only reverse if the district court committed a clear error in weighing § 3553(a) factors "by arriving at a sentence that lies outside the range of reasonable[ness]." *Id.* We do not find that to be the case here.

The district court carefully considered Mr. Porter's mitigating evidence and weighed it against other § 3553(a) factors. The court listened to evidence regarding how Mr. Porter had changed his life and ultimately weighed the seriousness of the offense, respect for the law, deterrence, the testimony of Mr. Porter's family and pastor, and the good deeds Mr. Porter had performed since the offense. The district court then considered whether the advisory guideline range of 210 to 240 months in custody was reasonable. Balancing § 3553(a) factors, the district court determined that 210 months was a reasonable sentence and sufficient to satisfy these factors. We cannot second-guess the weight the district court gave to each factor, *Clay*, 483 F.3d at 743, and find the sentence imposed by the district court to have been substantively reasonable.

**V**

We affirm Mr. Porter's conviction and sentence.


**AFFIRMED.**