[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14682
Non-Argument Calendar

_____

D.C. Docket No. 4:17-cr-00011-WTM-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAYNARD SANDERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(August 3, 2018)

Before MARCUS, ROSENBAUM and JULIE CARNES, Circuit Judges.

PER CURIAM:

Maynard Sanders appeals his 78-month sentence, imposed after an upward

departure from a criminal history category of IV to VI under U.S.S.G § 4A1.3,

following his conviction for possession of a firearm by a felon.  On appeal,

Sanders argues that the district court plainly erred in departing directly from

category IV to VI without following the procedure established by this Court for § 4A1.3 departures, and that the error affected his substantial rights because the departure was not supported by the record.  After thorough review, we affirm.

When a party fails to make a specific objection after being given the opportunity to do so, we will review his claim on appeal for plain error.  United States v. Maurice, 69 F.3d 1553, 1556 (11th Cir. 1995).  To establish plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007). If the defendant satisfies these conditions, we may exercise our discretion to recognize the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  Id.  For an error to be plain, it must be clear or obvious, rather than subject to reasonable dispute.  United States v. Sosa, 782 F.3d 630, 637 (11th Cir. 2015).  For "substantial rights" to be affected, a defendant must establish a "reasonable probability" that the error affected the outcome of the proceedings.  United States v. Gonzalez, 834 F.3d 1206, 1218 (11th Cir. 2016).

The Sentencing Guidelines provide that a district court may impose an upward departure "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(a)(1).  In determining whether a defendant's criminal history

category is inadequate, the district court may consider, <u>inter alia</u>, prior sentences that were not used in computing his criminal history category; prior sentences "of substantially more than one year" imposed on independent crimes committed on different occasions; prior similar adult criminal conduct not resulting in criminal convictions; and whether the defendant was pending sentencing on another charge at the time of the instant offense.  U.S.S.G. § 4A1.3(a)(2).  These examples "are not intended to exhaust the possible bases of departure."  <u>United States v. Fayette</u>, 895 F.2d 1375, 1377 (11th Cir. 1990).  We've authorized the use of juvenile adjudications and probation or supervised release violations as factors justifying the decision to depart upward.  <u>See</u> <u>United States v. Williams</u>, 989 F.2d 1137, 1141 (11th Cir. 1993); <u>United States v. Briggman</u>, 931 F.2d 705, 710 (11th Cir. 1991).

Ultimately, the district court should select the extent of a departure by reference to the criminal history category "applicable to defendants whose criminal history or likelihood to recidivate most closely resembles" that of the individual being sentenced.  U.S.S.G. § 4A1.3(a)(4)(A).  A district court must follow a step-by-step procedure at arriving at this decision.  <u>United States v. Sammour</u>, 816 F.3d 1328, 1341-42 (2016); <u>United States v. Johnson</u>, 934 F.2d 1237, 1239-40 (11th Cir. 1991).  Specifically, the court must look to the next highest criminal history category and assess, taking into account the factors allowed by § 4A1.3, whether that category more accurately reflects the defendant's criminal history.  <u>Johnson</u>,

3

934 F.2d at 1239.  If the court decides that this new category inadequately reflects the defendant's criminal history, the court must look to the next highest category and repeat its inquiry.  Id. at 1239-40.  The court must discuss each category it passes over en route to the category that adequately reflects the defendant's past criminal conduct.  United States v. Dixon, 71 F.3d 380, 382 (11th Cir. 1995).  "These findings must be shared with the defendant on the record."  United States v. Huang, 977 F.2d 540, 544 (11th Cir. 1992).  The district court may alternatively "assign criminal history points to the unscored convictions and extrapolate the criminal history category that would have applied."  Sammour, 816 F.3d at 1342.

Because Sanders failed to object to the district court's departure findings or the manner in which it pronounced his sentence, we review only for plain error.  According to the presentence investigation report ("PSI"), Sanders's guideline range was 51 to 63 months' imprisonment, based on an offense level of 20 and a criminal history category of IV.  The PSI recommended, however, a departure to a category of VI, which the district court ultimately agreed with and imposed a 78-month sentence.  Because, however, the district court failed to expressly discuss the adequacy of criminal history category V before upwardly departing to category VI, or to assign criminal history points to Sanders's unscored criminal record and extrapolate the resulting category, it appears that the district court's failure to do so

4

resulted in an "error" that was "plain." See Johnson, 934 F.2d at 1239-40; Sammour, 816 F.3d at 1341-42; Dixon, 71 F.3d at 382; Huang, 977 F.2d at 544.

Nevertheless, Sanders has failed to satisfy the "substantial rights" prong of the plain error test because he has not shown a reasonable probability that the error affected the outcome of the proceedings. Gonzalez, 834 F.3d at 1218. As the record reveals, the district court specifically announced that it had reviewed the PSI and addendum, the parties' arguments, and the government's motion for an upward departure. In that motion, the government informed the court that it was required to consider the adequacy of category V before moving to VI, and expressly noted that, even considering just one of the prior uncounted offenses, Sanders was already in criminal history category V. Additionally, the PSI noted the differences between categories IV and VI, and that Sanders's criminal history presented several factors that justified an upward departure, including his multiple probation and supervised release violations, which were unscored; his unscored juvenile adjudications; and the fact that Sanders committed the current felon-in-possession offense while awaiting sentencing on his pending 2017 federal financial felony convictions. U.S.S.G. § 4A1.3(a)(2); Williams, 989 F.2d at 1141; Briggman, 931 F.2d at 710. The district court's express reliance on these materials suggests it was aware of the differences in criminal history categories as well as the requirement that it consider the criminal history categories one by one.

5

Indeed, upon imposing the 78-month sentence, the district court recognized that it had "departed above the applicable imprisonment range based upon the inadequacy of [Sanders's] criminal history score [under U.S.S.G. §] 4A1.3," and that it believed his criminal history score of IV "substantially under-represent[ed] the seriousness of his actual criminal history and" likelihood of recidivism. It therefore "conducted a guideline departure and determined that the defendant's criminal history and the likelihood that he will commit further crimes is more adequately reflected by a criminal history category of VI." The district court also specifically observed that this was Sanders's second felon-in-possession offense, and mentioned his concealed firearm conviction, which it said could have resulted in a separate felon-in-possession charge. Thus, in upwardly departing and deciding that category VI "more accurately reflected" Sanders's criminal history and likelihood of recidivism, the district court relied on the proper factors, placing heavy emphasis on the fact that Sanders has committed several firearms crimes, and expressly giving consideration to his criminal background. The district court's upward departure is further supported by Sanders's extensive unscored criminal background -- assigning points to these offenses and extrapolating the resulting criminal history score gives Sanders the six additional criminal history points that take him from category IV to VI, see U.S.S.G. Sentencing Table, Ch. 5, Pt. A, and to the 78-month sentence the court imposed. See Sammour, 816 F.3d at 1342.

6

On this record, we conclude that Sanders has failed to show that there is a "reasonable probability" that, but for the district court's failure to expressly address criminal history category V, he would have received a lower sentence. Gonzalez, 834 F.3d at 1218.  Nor, in light of Sanders's extensive criminal history, can we say the error "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings."  Id.; see also id. at 1219 (noting that plain error review should be exercised "sparingly, and only in those circumstances in which a miscarriage of justice would otherwise result").  Accordingly, we affirm.

**AFFIRMED**.