[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12407
Non-Argument Calendar

_____

D.C. Docket No. 2:17-cr-00287-LSC-SGC-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DEQUARRIEN JEVANTE LEE,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 18, 2019)

Before WILLIAM PRYOR, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Dequarrien Lee appeals his 96-month sentence for unlawfully taking or carrying away firearms from the premises of a firearms dealer, 18 U.S.C. § 922(u) (Count One), and possessing stolen firearms, 18 U.S.C. § 922(j) (Count Two).  Lee argues that his 96-month total sentence was substantively and procedurally unreasonable because it was greater than necessary to serve as effective punishment, the district court did not provide adequate justification to support the degree of upward variance, it failed to consider the § 3553(a) factors, and it failed to avoid unwarranted sentencing disparities between Lee and his codefendant, Devontae Perkins.

In analyzing whether a sentence is reasonable, we first determine whether the district court committed any significant procedural error, and then, if the sentencing decision was procedurally sound, we determine whether the sentence was substantively unreasonable.  *Gall v. United States*, 552 U.S. 38, 51 (2007). When reviewing for procedural reasonableness, we ordinarily consider legal issues *de novo*, review factual findings for clear error, and apply the guidelines to the facts with due deference, which is akin to clear error review.  *United States v Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010).  However, failure to preserve an objection for procedural reasonableness at sentencing means that we may only review for plain error affecting substantial rights.  *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  The objection must apprise the trial court and

2

the opposing party of the specific grounds on which appellate relief will be sought. *United States v. Carpenter*, 803 F.3d 1224, 1237–38 (11th Cir. 2015). "A sweeping, general objection is insufficient to preserve specific sentencing issues for review." *Id.* at 1238.

Under plain error review, we may, at our discretion, correct an error where (1) an error occurred, (2) the error was plain, and (3) the error affects substantial rights. *United States v. Olano*, 507 U.S. 725, 732-36 (1993). When these factors are met, we may exercise discretion and correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 736. To assess procedural reasonableness, we determine whether the district court committed any significant procedural error by, among other things, failing to consider the § 3553(a) factors. *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014). We have held that a district court is not required to state on the record that it has explicitly considered or discussed each § 3553(a) factor; rather, the district court's acknowledgment that it considered the § 3553(a) factors and the defendant's arguments is sufficient. *United States v. Docampo*, 573 F.3d 1091, 1100 (11th Cir. 2009). Even when the district court failed to "explicitly articulate that it had considered the § 3553(a) factors," but it did "consider a number of the sentencing factors," we have upheld a sentence. *United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2008). A sentencing judge "should set forth enough to

satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority," *Rita v. United States*, 551 U.S. 338, 356 (2007), and "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 552 U.S. at 50.

We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Osorio-Moreno*, 814 F.3d 1282, 1287 (11th Cir. 2016). "The party challenging a sentence has the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

The district court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), and shall consider the need to: reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; deter criminal conduct; protect the public from the defendant's future criminal conduct; and provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). The court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant. *Id*. at (a)(1).

4

The court must also consider "the need to avoid unwarranted sentence disparities between defendants with similar records who have been found guilty of similar conduct." § 3553(a)(6). However, we "will not find a sentence disparity among codefendants to be unwarranted when they are not similarly situated," *United States v. Holt*, 777 F.3d 1234, 1270 (11th Cir. 2015), because "[a] well-founded claim of disparity . . . assumes that apples are being compared to apples." *Docampo*, 573 F.3d at 1101. We have held that defendants who have "been convicted of less serious offenses, lacked extensive criminal histories, or [] pleaded guilty," are not similarly situated, and that the district court unreasonably erred in failing to distinguish those defendants. *See United States v. Jayyousi*, 657 F.3d 1085, 1118 (11th Cir. 2011).

We will not second guess the weight that the district court gave to a § 3553(a) factor as long as the sentence is reasonable in light of all the circumstances. *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). The district court is permitted to attach great weight to one § 3553(a) factor over others. *United States v. Overstreet*, 713 F.3d 627, 638 (2013). A district court can abuse its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). A district

5

court commits a "clear error of judgment" when it unreasonably considers the proper factors. *Id.* We have affirmed a court's upward variance based on the court's finding that the defendant's "criminal history category of I understated the seriousness of his criminal history," *United States v. Moran*, 778 F.3d 942, 983 (11th Cir. 2015), including in an instance when the criminal history at issue was not part of a conviction, but rather, was "germane to several § 3553(a) factors, including the history and characteristics of the defendant," *Overstreet*, 713 F.3d at 637-38.

We will only vacate a sentence if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190 (quoting *Pugh*, 515 F.3d at 1191). "Although there is no proportionality principle in sentencing, a major variance does require a more significant justification than a minor one—the requirement is that the justification be 'sufficiently compelling to support the degree of the variance.'" *Id.* at 1196 (quoting *Gall*, 552 U.S. at 50). The sentencing court may base its finding of fact on facts admitted by a defendant's plea of guilty, undisputed statements in the PSI, or evidence presented either at trial or at the sentencing hearing. *United States v. Wilson*, 884 F.2d 1355, 1356 (11th Cir. 1989).

6

Here, Lee has not satisfied his burden to prove that his sentence was procedurally unreasonable because the court properly considered the § 3553(a) factors in its determination, even if the court failed to explicitly name the factors. This Court has held that the sentencing court need not "explicitly articulate that it had considered the § 3553(a) factors," and the district court here stated its reasons for its upward variance that satisfy several § 3553(s) factors. *Dorman*, 488 F.3d at 944. The court stated that "the guidelines just absolutely under calculate his criminal conduct," which reflects the need to provide just punishment for the offense. The court then noted that Lee "has been basically a criminal that's just been on the loose doing whatever he wants to do with whatever firearms he can get his hands on. He is going to kill somebody," which speaks to the need to protect the public from Lee's possible future criminal conduct. Further, the court also stated that the 96-month sentence was "appropriate when [it] consider[ed] the nature and circumstances of the offense and the history and characteristics of the defendant," which is explicit language from § 3553(a)(1). Finally, the court warned Lee that he will no longer be "permitted to run loose, commit crimes, and have firearms," because the consequences of doing so will be more severe with this conviction in his criminal history, which speaks of promoting respect for the law and creating deterrence for future criminal conduct. Furthermore, these factors are all mentioned in the court's statement of reasons it filed after the sentencing

7

hearing.  These are all § 3553(a) factors, and as such, Lee's argument that the court's sentence was procedurally unreasonable fails on account of the record.

Furthermore, Lee's argument that the court failed to consider certain factors, such as the kinds of sentences available, is without merit because a district court is not required to state on the record that it has explicitly considered or discussed each § 3553(a) factor.  *Docampo*, 573 F.3d at 1100.  The court here has "set forth enough to" demonstrate that it "considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority," and has "adequately explain[ed] the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing."  *Rita*, 551 U.S. at 356; *Gall*, 552 U.S. at 50.  Thus, the district court did not commit error by failing to explicitly reference the § 3553(a) factors.

Moreover, even if this Court were to find any error, because Lee failed to preserve his objection for procedural reasonableness before the district court, the standard of review here is plain error. *Vandergrift*, 754 F.3d at 1307.  His objection of "we just generally object to the court going outside the guidelines because this was a guideline case, and we object to that" does not apprise the trial court and the opposing party of the specific grounds on which appellate relief will be sought. *Carpenter*, 803 F.3d at 1237-38.  Instead, it is a "sweeping, general objection" that is "insufficient to preserve specific sentencing issues for review."  *Id.* at 1238.

8

Thus, Lee was required to prove (1) an error occurred, (2) the error was plain, and (3) the error affects substantial rights. *Olano*, 507 U.S. at 732-36. As described above, the court did not err, and even if this Court were to conclude that it did, that error did not rise to the level of "seriously affect[ing] the fairness, integrity or public reputation of judicial proceedings." *Id.* at 736.

Here, Lee has not met his burden of proving that his sentence was substantively unreasonable because the district court considered the relevant § 3553(a) factors, it did not clearly err in considering or balancing those factors, and it gave justification for its upward variance. *Irey*, 612 F.3d at 1189. Furthermore, Lee failed to establish that he and Perkins were similarly situated such that their sentence disparity was unwarranted. *Holt*, 777 F.3d at 1270. As stated above, the district court considered the § 3553(a) factors of needing to provide just punishment for the offense, needing to protect the public from Lee's possible future criminal conduct, the nature and circumstances of the offense and Lee's history and characteristics, and promoting respect for the law and creating deterrence for future criminal conduct. The court gave great weight to his pending offenses and concluded that an upwardly varied sentence was appropriate given Lee's "history and characteristics." Lee argues that this focus on his pending cases was unreasonable because a sentence near the statutory maximum "should be reserved for the most culpable and dangerous persons." However, a court is

9

permitted to give one § 3553(a) factor greater weight than others, *Overstreet*, 713 F.3d at 638, and this Court does not second guess the weight that the district court gave to a factor if the sentence is reasonable in light of all the circumstances, *Pugh*, 515 F.3d at 1191.  Lee's pending crimes were all centered around his possession of firearms, most of which were stolen, which related directly to his instant offense and are "germane to several § 3553(a) factors, including the history and characteristics of the defendant." *Overstreet*, 713 F.3d at 637-38.  Furthermore, the court ensured that its sentence would run concurrently with his pending state court sentences. These considerations do not amount to a clear error in judgment, as it was reasonable to consider these factors. *Irey*, 612 F.3d at 1189.

Finally, the court's underlying reliance on the finding that the guidelines "absolutely under calculate[d]" Lee's offenses is reasonable under this Court's precedent. *See Moran*, 778 F.3d at 983; *Overstreet*, 713 F.3d at 637-38.  In light of the circumstances of his instant offense, his pending offenses related to firearms, and the court's desire for the sentence to run concurrently, the sentence appears reasonable and this Court need not second guess the district court's added weight on Lee's history and characteristics. *Pugh*, 515 F.3d at 1191.

Next, the district court properly explained its sentence with the requisite "significant justification" for such a major variation. *Irey*, 612 F.3d at 1196.  First, the court admitted "the sentence is going to be significant," but noted that the

"guidelines just absolutely under calculate [Lee's] criminal conduct." The court gave Lee and the government the opportunity to stipulate to Lee's conduct in his pending charges and justified its upward variance on the conduct described. The court directly cited to each of the pending cases in explaining its decision and noted that the cases demonstrated that Lee had been "on the loose doing whatever he wants to do with whatever firearms he can get his hands on." The guideline calculation could only reflect Lee's criminal history based on convicted crimes, and thus, his conduct in the pending cases could be not reflected in the recommended range. As such, in order to account for the "nature and circumstances of the offense" (the theft and possession of firearms) and Lee's "history and characteristics" (pending cases for similar offenses), the court reasonably decided to adjust Lee's sentence upward. Thus, the court has demonstrated a "more significant justification" to "support the degree of the variance." *Irey*, 612 F.3d at 1196. It did so by relying on evidence of conduct in his pending cases presented at the hearing. *Wilson*, 884 F.2d at 1356.

Lee has also failed to prove that he and Perkins were similarly situated such that their sentence disparity was unwarranted. Although Lee is correct is arguing that he and Perkins "engaged in similar conduct," and even some of the "same conduct" in the past, the record shows that Perkins was not indicted on the same charges as Lee. This Court will not find a disparity in sentences among

11

codefendants to be unwarranted if they are not similarly situated. *Holt*, 777 F.3d at 1270. One indicator of codefendants not being similarly situated is if one had "been convicted of a less serious offense." *Jayyousi*, 657 F.3d at 1118. Here, the record shows that Perkins was only indicted on possessing a stolen firearm the Benelli 12-gauge shot gun that Lee pled guilty to taking from Birmingham Pistol Parlor. Perkins told the ATF agents that he had not been at the Birmingham Pistol Parlor, he met with Lee after the incident, and Lee would not tell Perkins the origin of the weapons, and Lee put Perkins in charge of the Benelli shotgun. This conduct and Perkins's indictment charge in this instance can reasonably constitute a "less serious offense" than Lee's. *Jayyousi*, 657 F.3d at 1118. Thus, Lee has failed to establish that he and Perkins are similarly situated and, as such, his argument that his sentence was substantively unreasonable for this regard is without merit.

Finally, Lee's final argument on appeal—that the court should have recalculated his criminal history score or have considered what it might have been when the pending cases became convictions—is without merit. Lee supports his argument with this Court's ruling in *United States v. Johnson*, 934 F.2d 1237, 1239 (11th Cir. 1991). However, that case involved a district court's departure under a provision of the guidelines and not, as in the case here, on a district court's variance pursuant to the § 3553(a) factors. *Johnson*, 934 F.2d at 1239 (holding that

the court, "in departing upward, must look to the next highest criminal history category and determine, taking into account the factors allowed by section 4A1 .3, whether that category more accurately reflects the defendant's criminal history."). Thus, Lee's argument is without merit here.

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**