[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13277
Non-Argument Calendar

_____

D.C. Docket No. 2:19-cr-00045-SPC-NPM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALTON JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 8, 2021)

Before JILL PRYOR, LUCK and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Alton Jackson appeals the district court's imposition of a

75-month sentence, imposed above the Guidelines range, after pleading guilty to

being a felon in possession of a firearm.  Jackson argues that his sentence is procedurally unreasonable because the district court (1) misinterpreted and misapplied U.S.S.G. § 2K2.1; (2) departed upward from the Guidelines range under U.S.S.G. § 4A1.3 without following the proper procedures; and (3) considered his juvenile adjudications without accounting for his youth and immaturity at the time that he committed the offenses, and considered, in evaluating his criminal history, offenses of which he was never convicted.  After reading the parties' briefs and reviewing the record, we affirm the district court's imposition of Jackson's 75-month sentence.

I.

Jackson argues that the district court unreasonably applied the U.S.S.G. § 2K2.1 enhancement to his case because the Sentencing Commission ("Commission") lacked the authority to institute the enhancement, and the district court erroneously found that the attached device on the firearm he sold did not fall under the enhancement.  He further argues that the Commission only established this enhancement after Congress passed the Violent Crime Control and Law Enforcement Act of 1994 ("Act"), which contained a similar provision.  Because the Act expired in 2004, Jackson reasons, the Commission lacks the constitutional power to enforce the enhancement, and the district court's sentence with the enhancement contradicts Congress's intent in allowing the Act to expire.  Jackson

2

also contends that even if the enhancement is properly applied to his sentence, the district court still erred in applying it because the gun in question falls within an exception to the enhancement.

We review *de novo* a district court's statutory interpretations. *United States v. Castro*, 455 F.3d 1249, 1251 (11th Cir. 2006). We also review *de novo* the district court's legal interpretations of the Sentencing Guidelines, taking into consideration the language of both the Guidelines and the commentary. *United States v. Fulford*, 662 F.3d 1174, 1177 (11th Cir. 2011). We give the language of statutes and the Guidelines their "plain and ordinary meaning." *Id.* (quoting *United States v. Sutton*, 302 F.3d 1226, 1227 (11th Cir. 2002)). Factual findings in support of a sentence enhancement are reviewed for clear error, and applications of the Guidelines to the facts are reviewed "with due deference." *United States v. Rodriguez-Lopez*, 363 F.3d 1134, 1136-37 (11th Cir. 2004) (quotation marks omitted). We will conclude that a factual finding is clearly erroneous only if we are left with a "definite and firm conviction that a mistake has been committed." *Id.* at 1137 (quotation marks omitted). The government must prove the applicability of any challenged sentencing enhancement by a preponderance of the evidence. *United States v. Victor*, 719 F.3d 1288, 1290 (11th Cir. 2013).

To determine whether a sentence is procedurally reasonable, we ask whether "the district court: (1) properly calculated the Guidelines range; (2) treated the

3

Guidelines as advisory; (3) considered the 18 U.S.C. § 3553(a) factors; (4) did not select a sentence based on clearly erroneous facts; and (5) adequately explained the chosen sentence." *United States v. Wayerski*, 624 F.3d 1342, 1353 (11th Cir. 2010). After the district court properly calculates the Guidelines range, it has discretion to sentence the defendant outside that range if the judge considers the 18 U.S.C. § 3553(a) factors and ensures that the deviation from the Guidelines is justified. *Gall v. United Sates*, 552 U.S. 38, 49-50, 128 S. Ct. 586, 596-97 (2007).

The duties of the Sentencing Commission are set forth in 28 U.S.C. § 994. Section 994(a) provides, *inter alia*, that the Commission shall promulgate and distribute Guidelines to determine a sentence in a criminal case, and it shall publish "general policy statements regarding application of the guidelines or any other aspect of sentencing or sentence implementation that in the view of the Commission would further the purposes set forth in section 3553(a)(2) of title 18, United States Code." 28 U.S.C. § 994(a)(1)-(2). This section is the enabling statute for the Sentencing Guidelines as a whole and gives the Commission "broad authority to promulgate guidelines and policy statements." *United States v. Pridgeon*, 853 F.3d 1192, 1199 (11th Cir. 2017). "The authority granted by § 994(a) is implicit in *all* the provisions of the guidelines." *United States v. Smith*, 54 F.3d 690, 693 (11th Cir. 1995) (quotation marks and alteration omitted, emphasis in original).

4

The Violent Crime Control and Law Enforcement Act of 1994 ("the Act") prohibited the ownership or possession of "large capacity ammunition feeding device[s]," defining such devices as those capable of being "readily restored or converted to accept, more than 10 rounds of ammunition" but excepting "attached tubular device[s] designed to accept, and capable of operating only with, .22 caliber rimfire ammunition."  18 U.S.C. § 921(a)(1), (b)(A)-(B) (1994).  Pursuant to its own terms, the Act expired in 2004.  *See* Pub. L. No. 103–322, § 110105.

In 1995, the Sentencing Commission instituted a base offense level of 22 for crimes that "involved a firearm described in 26 U.S.C. 5845(a) or 18 U.S.C. 921(a)(30)" when the defendant had a prior conviction of a violent crime or a controlled substance offense.  U.S.S.G. § 2K2.1(a)(3) (1995).  After the Act expired, the Commission removed the reference to § 921(a) and revised § 2K2.1(a) to give a base offense level of 22 for a crime involving any "semiautomatic firearm that is capable of accepting a large capacity magazine" when the defendant already had a felony conviction for a controlled substance offense.  *Id.* § 2K2.1(a)(3) (2006).  Section 2K2.1(a)(3) contains the same language in the current edition of the Guidelines.  *See id.* § 2K2.1(a)(3) (2018).  The commentary to the guideline provides that a semiautomatic firearm capable of accepting a large-capacity magazine is a gun "that has the ability to fire many rounds without reloading" because, at the time of the offense, it was, in relevant part, attached to a magazine

or similar device that could accept more than 15 rounds of ammunition. *Id.*, comment. (n.2). The commentary excludes "a semiautomatic firearm with an attached tubular device capable of operating only with .22 caliber rim fire ammunition." *Id.*

Initially, we note that when an appellant raises an issue for the first time in a reply brief, that issue is considered abandoned, and we need not address it. *United States v. Whitesell*, 314 F.3d 1251, 1256 (11th Cir. 2002). Further, to the extent that Jackson argues that the Commission violated the separation of powers, he has abandoned this argument by failing to raise it in his initial brief.

Our review convinces us that the district court correctly determined that the Commission gained its power to promulgate the § 2K2.1 enhancement under 24 U.S.C. § 994(a), not the Act, so it had the power to retain the enhancement after the Act expired. Contrary to Jackson's argument that the district court's narrow reading of the commentary to § 2K2.1 rendered its application of the enhancement mandatory, the district court was required to interpret § 2K2.1 and base its Guidelines calculation on that interpretation, also recognizing that the Guidelines were advisory. Further, because the government presented evidence showing that the magazine was not tubular, and thus fell within the § 2K2.1 enhancement, the district court did not clearly err in concluding that the government proved by a preponderance of the evidence that the enhancement applied. At sentencing, an

agent with the Bureau of Alcohol, Tobacco, and Firearms ("ATF") testified that a tubular device is one attached to the gun's barrel, while the device at issue in this case was box-like and not attached to the barrel. The district court was entitled to rely on this testimony to find that the enhancement applied.

## II.

Jackson argues that the district court used a departure, not a variance, to increase his sentence above the Guidelines range and did not follow proper procedure in departing from the Guidelines range and did not sufficiently justify the departure. We ordinarily review a district court's decision to apply a departure for an abuse of discretion. *United States v. Flanders*, 752 F.3d 1317, 1341 (11th Cir. 2014). In reviewing a departure, we first "determine whether the sentence was imposed either in violation of law or as a result of an incorrect application of the Guidelines," and "[i]f the district court misapplied the guidelines, we will vacate the sentence unless we conclude that the error was harmless." *United States v. Williams*, 989 F.2d 1137, 1140 (11th Cir. 1993) (internal quotation marks omitted).

However, when a party fails to challenge the district court's departure procedure when given the opportunity to do so, the issue is reviewed only for plain error. *United States v. Maurice*, 69 F.3d 1553, 1557-58 (11th Cir. 1995). Under plain error review, the defendant has the burden to show that "there is (1) error (2) that is plain and (3) that affect[s] substantial rights." *United States v. Monroe*,

353 F.3d 1346, 1349 (11th Cir. 2003) (quotation marks omitted, alteration in original). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation marks omitted, alteration in original). A defendant's substantial rights are impacted when the district court's error affected the outcome of the proceedings below. *Flanders*, 752 F.3d at 1333. "When the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Kushmaul*, 984 F.3d 1359, 1363 (11th Cir. 2021) (quoting *United States v. Castro*, 455 F.3d 1249, 1253 (11th Cir. 2006)).

A district court may depart from the advisory sentencing range "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(a)(1). The extent of the departure should be determined by reference to the criminal history category "applicable to defendants whose criminal history or likelihood to recidivate most closely resembles" that of the individual being sentenced. *Id.* § 4A1.3(a)(4)(A).

Before applying an upward departure pursuant to § 4A1.3, the district court must give the defendant advanced notice that it is considering such a departure. *United States v. Hall*, 965 F.3d 1281, 1295-96 (11th Cir. 2020). Then, it may depart using either the "step-by-step procedure" or recalculation approach. *United States v. Sammour*, 816 F.3d 1328, 1341-42 (11th Cir. 2016). Under the first method, the court must look to the next criminal history category to determine whether that category adequately reflects the defendant's past conduct, and then it must state on the record its findings as to why his criminal history category fits that category and sentence the defendant within the new category's guidelines range. *United States v. Johnson*, 934 F.2d 1237, 1239 & n.7 (11th Cir. 1991). If the court decides that the next criminal history category still does not adequately reflect the defendant's criminal history, the court must repeat the process with the next category. *Id.* Under the recalculation approach, the court assigns criminal history points to the defendant's unscored convictions and then extrapolates the criminal history category that would have applied. *Sammour*, 816 F.3d at 1342.

If a court departs upward from the otherwise applicable criminal history category under § 4A1.3, it must specify in writing "the specific reasons why the applicable criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(c)(1). A district court may not "simply, and

inexplicably," depart from the applicable guidelines range. *Williams*, 989 F.2d at 1142. When the record shows that the district court failed to follow the procedure as required under § 4A1.3 to depart upward from the guidelines range, it is a procedural error that requires a remand for resentencing. *See id.*

Conversely, when a district court varies from the Guidelines range in imposing a sentence, it must only "explain why that variance is appropriate in a particular case," and its "justifications must be compelling enough to support the degree of the variance and complete enough to allow meaningful appellate review." *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009) (quotation marks omitted). No advanced notice is necessary. *Hall*, 965 F.3d at 1296.

Section § 3553(a)'s "overarching" instruction to sentencing courts is that any sentence, whether within the Guidelines range or through a departure or variance, must be sufficient but not greater than necessary to comply with the purposes listed in § 3553(a)(2). *Kimbrough v. United States*, 552 U.S. 85, 101, 128 S. Ct. 558, 570 (2007); 18 U.S.C. § 3553; *see Gall v. United States*, 552 U.S. at 51, 128 S. Ct. at 597 (whether a sentence falls inside or outside the Guidelines range, the district court must consider the § 3553(a) factors). These purposes include the need to reflect the seriousness of the offense, promote respect for the law, sufficiently punish the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2). In imposing a

particular sentence, the court must also consider the offense's nature and circumstances, the defendant's history and characteristics, the types of sentences available, the applicable guidelines range, any pertinent policy statements from the Sentencing Commission, the need to avoid unwarranted sentencing disparities between similarly-situated defendants, and the need to provide restitution to any of the defendant's victims. *Id*. § 3553(a)(1), (3)-(7).

There is "substantial overlap" between the provisions for increasing a sentence via a departure or a variance. *Hall*, 965 F.3d at 1297. In determining which method the district court used to sentence the defendant outside the guidelines range, and thus which procedure it was bound to follow, we ask whether the district court "cited a specific guidelines departure provision in setting the defendant's sentence, or whether its rationale was based on the § 3553(a) factors and a determination that the guidelines range was inadequate." *Id.* at 1296. The label that the district court uses in sentencing a defendant outside of the guidelines range is not dispositive. *See United States v. Kapordelis*, 569 F.3d 1291, 1316 (11th Cir. 2009) (concluding that, even though the court said that it was granting an upward departure, it in fact imposed a variance because it did not cite a departure provision and its reasoning was based on the § 3553(a) factors and a finding that the Guidelines were inadequate).

11

"When a sentence pronounced orally and unambiguously conflicts with the written order of judgment, the oral pronouncement governs." *United States v. Bonilla*, 579 F.3d 1233, 1245 (11th Cir. 2009) (quoting *United States v. Bates*, 213 F.1336, 1340 (11th Cir. 2000)). However, "[w]hen there is an ambiguity in the oral sentencing, as opposed to a conflict between the oral pronouncement and the written judgment," we examine the written judgment to determine the district court's intention in sentencing the defendant. *United States v. Purcell*, 715 F.2d 561, 563 (11th Cir. 1983).

At the sentencing hearing, when the district court asked if either party had objections after it pronounced the sentence, Jackson raised no new objections, so this argument is reviewed for plain error only.

Here, given the court's presentencing notice, the parties' extensive arguments on the issue of a departure under § 4A1.3, the court's focus on his criminal history, its acknowledgments of its limits in departing under that provision, and its conclusion that he had a high risk of recidivism, which is a specific basis for departing under § 4A1.3, the district court departed under the Guidelines, as opposed to varied under the § 3553(a) factors. Although the district court referred to its decision as a "variance" very shortly after using the words "departure or variance" and it did not explicitly say that it was imposing a departure under § 4A1.3, its label is not determinative. Further, in its Statement of

12

Reasons, the court specified that it granted a departure based in U.S.S.G. § 4A1.3, a departure provision.

We conclude from the record that the district court departed under the Guidelines and did not grant a variance. Although it should have acted under the step-by-step approach required for departures based on criminal history, Jackson has failed to demonstrate that his substantial rights were impacted by the district court's failure to use the proper departure procedure during the sentencing hearing. Though Jackson argues the district court sentenced him with an offense level of 19 and criminal history category of VI, the record reflects that the district court sentenced him under an offense level of 20 and criminal history category of V. The criminal history category of V was the next criminal history category from the one that he was subject to in the Presentence Investigation Report ("PSI"). As a result, his sentence is what it would have been if the court had used the step-by-step method and explicitly sentenced him under the next-highest category. Accordingly, Jackson has not demonstrated that, but for the error, the outcome of the proceeding would have been different. *See Flanders*, 752 F.3d at 1333.

### III.

Jackson argues that his sentence is procedurally unreasonable because, in considering his juvenile offenses, the district court violated his due process rights when it failed to account for his age, difficult childhood, and other factors

discussed by the Supreme Court in *Miller v. Alabama*, 567 U.S. 460, 132 S. Ct. 2455 (2012) (addressing factors that a district court should consider when sentencing a juvenile defendant to life without the possibility of parole for homicide). When the defendant objects to an issue before the district court and raises the same issue on appeal under a different legal theory than argued below, as Jackson does here, we review the district court's ruling for plain error. *United States v. Ramirez-Flores*, 743 F.3d 816, 821 (11th Cir. 2014).

A district court may consider undisputed facts in the PSI but may not rely on facts to which the defendant objects "with specificity and clarity, unless the Government establishes the disputed facts by a preponderance of the evidence." *United States v. McCloud*, 818 F.3d 591, 595 (11th Cir. 2016) (quotation marks omitted).

In *Williams*, we determined that a district court, in deciding whether to impose an upward departure under § 4A1.3, may properly consider remote juvenile sentences if the court finds that the sentences are "evidence of similar, or serious dissimilar, criminal conduct." 989 F.2d at 1140-41 (quoting U.S.S.G. § 4A1.2, comment. (n.8)). We further concluded that, while the Guidelines prohibit district courts from relying on a prior arrest record itself when departing from the Guidelines, courts may rely on more in depth information in the PSI concerning criminal conduct that leads to arrests, even when they do not lead to convictions,

where the defendant does not object to the information because "[§] 4A1.3 grants courts broad authority to consider 'reliable information' when contemplating a departure." *Id.* at 1441-42.

Because Jackson raises his *Miller* argument for the first time on appeal, we will review it for plain error only. We conclude from the record that the district court did not plainly err by not considering the *Miller* factors because *Miller* does not apply to sentencing adults for crimes committed in adulthood. To the extent that Jackson otherwise argues that the district court erred by considering his juvenile criminal record, including arrests that did not lead to charges and adjudications of guilt, in deciding to depart upwards under § 4A1.3, Jackson did not raise this specific argument in the district court, so we review for plain error. We conclude from the record that the district court did not err, plainly or otherwise, in relying on this information because district courts have "broad authority to consider 'reliable information' when contemplating a departure," including juvenile conduct. *Williams*, 989 F.2d at 1141-42. Jackson did not object that the facts were inaccurate or that the arrests and charges never occurred, but instead, stated only that they failed to provide a full picture of his criminal history.

For the aforementioned reasons, we affirm the district court's imposition of Jackson's 75-month sentence.

**AFFIRMED.**

15